**Nazir KAHN, Plaintiff,**

v.

**PEPSI COLA BOTTLING GROUP, Defendant.**

No. 81 CV 1998 (ERN).

United States District Court, E. D. New York.

Sept. 22, 1982.

---

Schoer & Sileo by Gary Schoer, Forest Hills, N. Y., for plaintiff.

Seyfarth, Shaw, Fairweather & Geraldson, New York City by Richard E. Lieberman, Chicago, Ill. and Reginald E. Jones, New York City, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff Nazir Kahn brought this action pursuant to the Age Discrimination in Employment Act ("ADEA") as amended, 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII") as amended, 42 U.S.C. § 2000e *et seq.* The matter is before the Court on defendant's motion for summary judgment. For the reasons stated below, defendant's motion is granted.

The following facts are undisputed by the parties. Kahn, an Indian born in Trinidad, was 54 years old at the time he was employed by defendant, Pepsi Cola Bottling Group ("Pepsi"). Pepsi was a party to a collective bargaining agreement ("CBA") with Soft Drink Workers Union, Local 812 ("Union"), an affiliate of the International Brotherhood of Teamsters. The terms of the CBA obligated Pepsi to hire prospective employees referred to it by the Union. All employees hired in this manner, however, were subject to an initial thirty-day probationary period, during which time Pepsi could dismiss any such employee without notice or cause. Plaintiff was referred to Pepsi by the Union in accordance with this agreement, and was aware of it. Plaintiff was previously an hourly employee for another beverage company, and claimed to be experienced as a loader.

On or about August 20, 1979, plaintiff was hired as a loader whose duties consisted of loading and unloading trucks; stacking the finished product in pallets in preparation for shipping; rotating stock; placing

raw materials and removing finished product from production lines; and performing some cleaning and housekeeping duties.

Plaintiff was fired on or about September 7, 1979, less than thirty days after being hired and within the probationary period. Several reasons were given by the three employees of Pepsi responsible for supervising plaintiff, including slowness of his work, his inability to understand instructions given to him by his supervisors, and "a definite lack of initiative," according to one supervisor. The remaining two supervisors made similar reports, and all three concluded that plaintiff was not qualified for the job.

Plaintiff alleged that the true reasons for his dismissal were his age, race and national origin. Initially plaintiff filed a complaint with the appropriate agencies, the New York State Division of Human Rights and the Equal Employment Opportunity Commission. These agencies found no probable cause to believe that plaintiff had been discriminated against, and dismissed the charges. The New York State Human Rights Appeals Board rejected plaintiff's appeal.

Summary judgment may be rendered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), F.R.Civ.P. Pursuant to the 1963 amendments, Rule 56(e) provides that when a motion for summary judgment is supported by proper affidavits (or by the other materials referred to in Rule 56(c)), "an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." As the Court of Appeals for this circuit has stated, once the movant has made the requisite showing,

"an adverse party may not rest upon mere conclusory allegations or denials. The party opposing the motion must set forth 'concrete particulars,' *Dressler v. The MV Sandpiper,* 331 F.2d 130, 133 (2d Cir. 1964), and cannot make a secret of his evidence, holding it close to his chest until the trial. *See Donnelly v. Guion,* 467 F.2d 290, 291 (2d Cir. 1972). It is not sufficient merely to assert a conclusion without supplying supporting arguments or facts in opposition to the motion. *Id.* at 293. *See Applegate v. Top Associates, Inc.,* 425 F.2d 92, 96 (2d Cir. 1970)." *Securities And Exchange Commission v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir. 1978).

In determining whether to grant a motion for summary judgment, the Court "cannot try issues of fact; it can only determine whether there are issues to be tried." *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc.,* 388 F.2d 272, 279 (2d Cir. 1967), *quoted in Securities And Exchange Commission v. Research Automation Corp., supra,* 585 F.2d at 33. It must accept as true factual statements in the opposing party's affidavits, draw all permissible inferences in that party's favor, *Hill v. A–T–O, Inc.,* 535 F.2d 1349 (2d Cir. 1976), and resolve any doubts in favor of the latter, *American Mfrs. Mut. Ins. Co. v. American Broadcasting-Paramount Theatres, Inc., supra.* "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Adv. Com. Note to Proposed Amendments to Rule 56(e), 31 F.R.D. 648 (1962). *See generally Applegate v. Top Associates, Inc., supra; Donnelly v. Guion, supra,* 467 F.2d at 292. Hence, a party may not retreat to "the mere allegations or denials of his pleading" in the face of "a motion for summary judgment made and *supported* as provided in . . . [Rule 56]." Rule 56(e), F.R. Civ.P. (emphasis supplied).

*Age Discrimination Claim*

In an action under Title VII, 42 U.S.C. § 2000e *et seq.,* plaintiff bears the burden of making a prima facie showing of discrimination. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36

L.Ed.2d 668 (1973) (racial discrimination claim brought under Title VII). This standard is equally appropriate under the ADEA. *Geller v. Markham,* 635 F.2d 1027 (2d Cir. 1980); *Marshall v. Arlene Knitwear, Inc.,* 454 F.Supp. 715 (E.D.N.Y.1978), *aff'd in relevant part,* 608 F.2d 1369 (1979). The elements plaintiff must make out to state a claim under the ADEA are: (1) that he was within the age group protected by the ADEA; (2) that he was doing satisfactory work; (3) that he was fired despite the adequacy of his work; and (4) that younger employees doing work of similar adequacy were retained. *Marshall v. Arlene Knitwear, Inc., supra,* 454 F.Supp. at 723–24.

In the instant case, plaintiff has failed to show or even allege that he was doing satisfactory work and that he was fired despite this. Plaintiff's only allegation in this regard is his claim that he performed his *previous* job satisfactorily. Even if plaintiff's previous job included some similar duties, it cannot substitute for a showing of satisfactory work on his job with Pepsi. Plaintiff does not dispute testimony and evaluations of all three of his supervisors as to the inadequacy of his work, and thus fails to satisfy the second and third elements of the *Arlene Knitwear* test.

Further, while plaintiff does allege the fourth element, that younger employees doing work of similar quality were retained, the facts offered in support, taken, as they must be, in a way most favorable to plaintiff, vitiate rather than strengthen plaintiff's claims. There are two allegations relevant to this requirement. First, plaintiff refers to a young white probationary employee who allegedly lacked experience and was retained by defendant. Plaintiff fails to allege the inadequacy of this unidentified

employee's work, however. Especially since plaintiff has not disputed defendant's evidence that plaintiff's own work was unsatisfactory, there is clearly no prima facie showing of the fourth element.

Second, plaintiff stated that the other "kids" on his shift "were all going to college." However, due to the failure even to allege that these others were retained, or that their work was inadequate, or even their ages, plaintiff has failed to make the required showing.

Plaintiff in no way contradicts or disputes defendant's evidence that plaintiff's work was highly unsatisfactory, or that, of the eight people dismissed at about the same time as plaintiff, six were between the ages of eighteen and twenty-two, and the seventh was thirty-six. That younger employees were dismissed along with plaintiff refutes rather than supports his claim of age discrimination.[1]

*Race and National Origin Claim*

Plaintiff's Title VII claim of discrimination based on race and national origin is even more tenuous. The allegation is based solely on one alleged incident between plaintiff and one of his night supervisors, in which the supervisor called plaintiff an obscene name. The obscenity related to neither race nor national origin, however, and does not support plaintiff's claim.

The statistical data on Pepsi's hiring practices tends to show that 73% to 80% of employees hired by defendant since 1977 were white. As with the age statistics, however, *see* n.1 *supra,* little significance can be attached to such data unless they can be compared to the percentage of minorities in the local community or employee population in general. Again, the data as to those employees hired at approximately the same time as Kahn are more meaningful.

---

1. Plaintiff relies heavily on statistical data produced by defendant as to the ethnic and age composition of its work force. This data lacks real meaning, however, because there is no relevant universe offered for comparison. *See Mayor of City of Philadelphia v. Educational Equality League,* 415 U.S. 605, 620, 94 S.Ct. 1323, 1333, 39 L.Ed.2d 630 (1974) (evidence of racial discrimination too fragmented and spec-

ulative to support serious charge of racial discrimination). The one comparison offered relates to a group of twenty people hired at roughly the same time as plaintiff. Of those twenty, eight were fired: plaintiff and seven others whose average age was approximately twenty-two. This comparison only weakens plaintiff's claim.

**740**

Between August 6 and August 20, 1979, Pepsi hired twenty people referred by the Union: sixteen Caucasians, one black, two Hispanics, and plaintiff, an Indian. Of the sixteen Caucasians hired, nine of them (56%) were retained and the other seven were fired. The only black hired was also retained, as were both of the Hispanics. That is, three of the four minority individuals (75%) were retained. Plaintiff was the only non-white fired. Plaintiff has not attempted to refute or overcome this evidence that Caucasian, non-Indian employees were also fired pursuant to the CBA probation procedure, and other minorities were retained.

Although this Court is not bound by the State agencies' determination, we note that our conclusion is in accord with the finding made by the three State agencies. Defendant's motion for summary judgment is hereby granted.

SO ORDERED.