758 F.2d 71
 37 Fair Empl.Prac.Cas. 696,
36 Empl. Prac. Dec. P 35,105
Morris LANE, Plaintiff-Appellant-Cross-Appellee,
v.
SOTHEBY PARKE BERNET, INC. and John Block,
Defendants-Appellees-Cross-Appellants.
 Nos. 773, 793, Dockets 84-7845, 84-7855.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 6, 1985.
Decided March 29, 1985.
 
 Charles E. Morrison, New York City, for plaintiff-appellant-cross-appellee.
 Mark A. Jacoby, New York City (Michael S. Goldstein, Weil, Gotshal & Manges, New York City, of counsel), for defendants-appellees-cross-appellants.
 Before MANSFIELD and PIERCE, Circuit Judges, and BARTELS, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Morris Lane appeals from part of a judgment filed September 13, 1984, in the United States District Court for the Southern District of New York, Abraham D. Sofaer, Judge, granting summary judgment to appellees Sotheby Parke Bernet, Inc. and John Block and dismissing the complaint. Lane alleges that appellees discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq., and 42 U.S.C. Sec. 1981. Sotheby Parke Bernet, Inc. and John Block cross-appeal from part of the same judgment denying their application for attorneys' fees and costs against Lane and his attorney, pursuant to 42 U.S.C. Secs. 1988 and 2000e-5(k) and Fed.R.Civ.P. 11.BACKGROUND
 
 
 2
 Lane, who is Black, was hired in February 1980, by Sotheby Parke Bernet, Inc. ("Sotheby") in a temporary capacity as a photographer. In May, 1980, he was transferred to regular employee status, and in March, 1981, he was assigned to the jewelry division.
 
 
 3
 The following facts are not in dispute. Soon after Lane was assigned to the jewelry division, Ben Cohen, the head of Sotheby's photography department, began to receive complaints from personnel in Sotheby's advertising department about the quality of the jewelry photographs. In addition, John Block, who became head of the jewelry division in the Fall of 1981, received complaints about numerous problems people were having with Lane. In February, 1982, Cohen placed Lane on probation for two months. Subsequently, in May, 1982, following additional complaints from the jewelry division and from Lane's co-workers who said that Lane did not work cooperatively with other staff members, and following report of an incident in which Lane allegedly pushed a photography darkroom technician, Cohen dismissed Lane. During this period, approximately 20% of Sotheby's staff, companywide, was dismissed for economic reasons, and, at least one photographer and one of the cataloguers with whom Lane had had repeated disputes, both of whom were White, were also dismissed. After Lane's dismissal, Robert Jordan, an experienced jewelry photographer who was White and who had been hired by Sotheby in 1981, was assigned to the jewelry division.
 
 
 4
 Lane commenced an action in the Southern District of New York, alleging that Sotheby and his immediate supervisor, John Block, harassed him and terminated his employment on account of his race in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981. Lane does not deny either the existence of the complaints against him or Sotheby's policy of economic retrenchment. Rather, Lane's principal contentions herein in support of his claim of racial discrimination and harassment are that, at a meeting of the jewelry division staff, Block stated "let's get down to business, let's call a spade a spade and get down to business" and that he believed the statement was directed at him; that Block made jokes about his clothing and, in particular, that Block said that his silk gold jacket "would be a nice background to shoot jewelry on;" and that Block once failed to introduce him to a client visiting the jewelry division, although Lane did admit that Block also failed to introduce some White employees of the jewelry division to clients.
 
 
 5
 After substantial discovery during which nothing additional emerged to support Lane's allegations, appellees moved for summary judgment, which was granted by the district court. In addition, the court denied appellees' motion for attorneys' fees and costs under 42 U.S.C. Secs. 1988 and 2000e-5(k) and Fed.R.Civ.P. 11.
 
 DISCUSSION
 
 6
 Finding no basis in the record for Lane to have continued this action after discovery was completed and it being evident that he lacked sufficient evidence to establish even a prima facie case in accordance with the factors set forth in Texas Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 252-53, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) and Sweeney v. The Research Foundation of the State University of New York, 711 F.2d 1179 (2d Cir.1983), we affirm as to the disposition of plaintiff's civil rights action. See Kahn v. Pepsi Cola Bottling Group, 547 F.Supp. 736, 740 (E.D.N.Y.1982) (summary judgment appropriate where plaintiff fails to make prima facie showing of discrimination and defendant offers evidence of legitimate nondiscriminatory reasons for discharge); McClain v. Mack Trucks, Inc., 532 F.Supp. 486, 489 (E.D.Pa.1982) (entering summary judgment for employer where plaintiff failed to demonstrate that employer's reason for discharge was pretextual and disregarding conclusory assertion that employee was "racially harassed"), aff'd, 707 F.2d 1393 (3d Cir.1983).
 
 
 7
 The district court, in denying an award of attorneys' fees to the prevailing defendants, found a non-frivolous cause of action pleaded, sufficient to justify the commencement of the action. Cross appellants Sotheby and John Block contend that the district court failed to make findings as to whether the plaintiff should have continued this action once discovery was completed. See Hughes v. Rowe, 449 U.S. 5, 14-15, 101 S.Ct. 173, 178, 166 L.Ed.2d 163 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). We agree, and accordingly remand to the district court with respect to the application for attorneys' fees for consideration as to whether appellant should have continued this action after completion of discovery.
 
 
 8
 For the foregoing reasons, we affirm in part the decision of the district court and reverse and remand in part for further proceedings consistent with this opinion.
 
 
 
 *
 The Honorable John R. Bartels, Senior District Judge, Eastern District of New York, sitting by designation