613 F.Supp. 210 (1985)
Carol HOHE, Plaintiff,
v.
The MIDLAND CORPORATION, Midland Communication Systems, Inc., Midland Computer Center, Inc., Midland Mailing Corporation, the Midland Holdings Group, Midland Real Estate & Mortgage Company, Sarner, Harold, Gerchen, Gary, Gerchen, Bernard, Defendants.
No. 84-699C(6).
United States District Court, E.D. Missouri, E.D.
July 10, 1985.
*211 Louis Gilden, St. Louis, Mo., for plaintiff.
Gary A. Growe, Blumenfeld, Sandweiss, Marx, Tureen, Ponfil & Kaskowitz, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
Plaintiff Carol Hohe brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. Plaintiff alleges that defendants discriminated against her on the basis of sex and that she was discharged from employment in retaliation for her opposition to practices in violation of Title VII.
This case was tried to the Court and a jury on plaintiff's three count complaint. Counts one and three, based on violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. and the Equal Pay Act, 29 U.S.C. § 206(d) were submitted to the jury on June 24, 1985. The jury rendered verdicts on both counts in favor of the defendants. Plaintiff's second count alleging sex discrimination was tried to the Court.
This Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and being fully advised of the premises, hereby makes the following findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 52.

A. FINDINGS OF FACT
1. Plaintiff Carol Hohe is a female resident of the Eastern District of Missouri. She was employed from September 26, 1967 through January 24, 1983 by defendant Midland Corporation.
2. Defendant Midland Corporation is an employer within the meaning of 42 U.S.C. § 2000e(b).
3. Plaintiff filed a charge of sex discrimination with the Equal Employment Opportunity Commission on March 16, 1983. She received a Right to Sue letter on February 10, 1984. This action was timely filed on March 27, 1984.
4. Plaintiff commenced employment with defendant in 1967 as a part-time bookkeeper. In 1970, she became Administrative Assistant to the President and was appointed Secretary of the corporation. In *212 1975, plaintiff was appointed Vice President, a title she held until January 4, 1983.
5. Between 1976 and January 4, 1983, Harold Sarner and Gary Gerchen also held the title of Vice President within the Midland Corporation.
6. Gary Gerchen is the son of Bernard Gerchen, who was, until January 4, 1983, President of the Midland Corporation and Chairman of the Board. Gary Gerchen is now Chairman of the Board.
7. Harold Sarner is the son-in-law of Bernard Gerchen. Sarner currently serves as President of the Midland Corporation.
8. On January 4, 1983, Gary Gerchen and Harold Sarner purchased all of the stock of the corporation from Bernard Gerchen.
9. Plaintiff's initial complaint named Midland Communication Systems, Midland Computer Center, Inc., Midland Mailing Corporation, and Midland Real Estate and Mortgage Co. as defendants along with the Midland Corporation. These are all subsidiary corporations of defendant Midland Corporation and were dismissed as defendants for lack of subject matter jurisdiction. In the course of trial, however, the Court heard extensive testimony concerning the roles played by plaintiff, Gary Gerchen, Harold Sarner, and Eugene Devine, Vice President of Operations for the Midland Corporation, in each of these subsidiary enterprises. Harold Sarner and Gary Gerchen were President and Vice President of Midland Mailing Corporation. Plaintiff was Secretary. Gary Gerchen was President of Midland Communication Systems. Plaintiff was Secretary. Plaintiff was Vice President and Secretary of Midland Computer Center, Inc. and Secretary of Midland Real Estate. Bernard Gerchen was President of both.
10. In determining whether plaintiff was a victim of sex discrimination in her wages, the Court has considered the earnings from the various Midland Corporations for plaintiff, Gary Gerchen, Harold Sarner and Eugene Devine from 1977 through 1982. The Court finds that plaintiff has failed to adduce substantial credible evidence from which this Court could infer that her wages and fringe benefits represented sex discrimination.
The Court finds as a matter of fact that plaintiff, Harold Sarner and Gary Gerchen did not occupy substantially equal positions in terms of their skill, effort, responsibility and authority within the corporation. Plaintiff's duties as administrative assistant to Bernard Gerchen included those of supervising the accounting and bookkeeping department and office manager. She also monitored various functions of the company for Bernard Gerchen. On the other hand, Harold Sarner and Gary Gerchen did not involve themselves directly with these areas. Their responsibilities were directed toward client development and executive level decision making. During the relevant time period, defendant had two major mailing clients. Plaintiff played no role in procuring these clients. Harold Sarner and Gary Gerchen did  and continued to have substantial responsibility in servicing these clients. The Court finds that Harold Sarner and Gary Gerchen, by virtue of their relationship to Bernard Gerchen and their position in the company, possessed the authority to direct corporate policy. Plaintiff did not. For example, the evidence established that Sarner and Gerchen could purchase needed product and materials. Plaintiff, without approval, could not. As a result, plaintiff did not occupy a substantially equal position. The Court further finds that any differential in the wages earned by Harold Sarner, Gary Gerchen and Carol Hohe were based on factors other than sex.
11. In 1979 Eugene Devine was promoted to Vice President in charge of operations of Midland Corporation and thenceforward reported primarily to Harold Sarner. In 1982 his base salary was $35,000 while that of plaintiff was $32,500. This was the only year in which Mr. Devine's compensation exceeded that of plaintiff. The Court finds that Mr. Devine did not report to plaintiff and that the wage differential in 1982 reflected substantially differing *213 responsibilities between the two and was based on factors other than sex.
12. In the fall of 1982 Midland requested male and female employees alike to sign a confidentiality agreement under which the employee agreed, for a three-year period following termination of employment, not to seek to sell competitive goods or services to any Midland customer or to induce any customers, suppliers, or employees of Midland to cease doing business with the corporation. Plaintiff presented no evidence at trial supporting allegations of disparate treatment with regard to this agreement.
13. Harold Sarner and Gary Gerchen were named the beneficiaries of a split-dollar life insurance policy of which plaintiff was not named as a beneficiary. The evidence did not support a finding that the difference in insurance benefits was based on sex.
14. Relations between the parties to this action deteriorated substantially prior to the time of plaintiff's discharge. Plaintiff failed to present substantial credible evidence that her discharge was based on sex.

B. CONCLUSIONS OF LAW
This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3). In a Title VII cause of action, plaintiff has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. If plaintiff is successful, defendant must then articulate a legitimate non-discriminatory reason for its actions. In order to sustain this burden, defendant need only present evidence which raises a genuine issue of fact as to whether it discriminated against plaintiff. The burden of producing evidence then shifts back to plaintiff, who must show by a preponderance of the evidence that defendant's explanation was merely a pretext for discrimination within the meaning of the statute. Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); Coleman v. Missouri Pacific Railroad, 622 F.2d 408 (8th Cir. 1980); Kirby v. Colony Furniture Co., 613 F.2d 696 (8th Cir.1980). The plaintiff bears the ultimate burden of proving discrimination. United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed. 403 (1983).
Considering the evidence produced at trial, this Court concludes that plaintiff Carol Hohe has failed to satisfy her burden of proof that defendant Midland Corporation discriminated against her on the basis of sex in the terms and conditions of her employment and that defendant discharged her by reason of her sex.
The ultimate "`factual inquiry' in a Title VII case is `whether the defendant intentionally discriminated against the plaintiff.'" Id. at 715, 103 S.Ct. at 1482, citing Burdine, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). The only direct evidence offered by plaintiff in the instant case of a discriminatory motive on the part of Midland Corporation was plaintiff's testimony that Bernard Gerchen told her in 1979 and 1982 that she made good money for a woman and that the Midland Corporation should hire women because they could be hired at lower wages than men. Bernard Gerchen categorically denied making such statements. There was no further evidence that plaintiff complained of or acted on these alleged statements. Further, the woman employee who plaintiff claimed replaced her was hired at a salary level above that of plaintiff. The Court therefore disbelieves plaintiff's testimony as to these statements.
Plaintiff's Title VII complaint alleges that Midland Corporation discriminated against her on the basis of her sex in: 1) failing to provide equal pay for equal work; 2) paying her less than a male employee who she claims reported to her; 3) harassing her and forcing her to sign a non-competition agreement; 4) denying her equal insurance benefits; 5) discharging her in retaliation for her opposition to practices in violation of Title VII. Her equal pay claim *214 is based on comparisons with Gary Gerchen and Harold Sarner. She alleges Eugene Devine reported to her.
The elements of plaintiff's prima facie case vary according to the claim asserted. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 n. 13, 93 S.Ct. 1817, 1824 n. 13, 36 L.Ed.2d 668 (1973). To make a prima facie case of wage discrimination, plaintiff must prove that she was performing work substantially equal to that of men who were compensated at a higher rate than she. Shultz v. Wheaton Glass Co., 421 F.2d 259 (3rd Cir.1970); Ridgeway v. United Hospitals-Miller Division, 536 F.2d 923 (8th Cir.1977). Upon review of the evidence adduced at trial, the Court finds that plaintiff did not occupy a position within the Midland Corporation so that her work was substantially equal to that of Gary Gerchen and Harold Sarner. Accordingly, the Court holds that plaintiff mailed to make a prima facie case on this point.[1]
The evidence did not support a finding that Eugene Devine at any time reported to plaintiff. It further appeared that in 1982, the year in which Mr. Devine received greater compensation than plaintiff, his salary reflected an increase in responsibilities. The Bennett Amendment of Title VII, 42 U.S.C. § 2000e-2(h), incorporates the affirmative defenses of the Equal Pay Act. County of Washington v. Gunther, 452 U.S. 161, 101 S.Ct. 2242, 68 L.Ed.2d 751 (1981). Under the Equal Pay Act, a wage differential based on "any other factor other than sex" is not unlawful. 29 U.S.C. § 206(d)(1). The Court concludes as a matter of law that the 1982 salary differential between plaintiff and Eugene Devine was based on factors other than sex and was not in violation of Title VII.
With regard to plaintiff's complaints of harassment and disparate treatment surrounding her signing of a non-competition agreement in 1982, the Court concludes that plaintiff failed to make a prima facie case. A case of disparate treatment is made when "(t)he employer simply treats some people less favorably than others because of their race, color, religion, sex, or national origin." International Brotherhood of Teamsters v. United States, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977). A plaintiff's threshold burden is not onerous, see Burdine, 450 U.S. at 253, 101 S.Ct. at 1093, and will be satisfied by the introduction of evidence "showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were `based on a discriminatory criterion illegal under (Title VII).'" Furnco Construction Corp. v. Waters, 438 U.S. 567, 576, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978), quoting Teamsters, 431 U.S. at 338, 97 S.Ct. at 1856. The evidence at trial established that both males and females were requested to sign the agreement, and no evidence was presented from which the Court could infer disparate treatment of plaintiff on the basis of her sex.
It is also the opinion of the Court that plaintiff failed to establish a prima facie case of disparate treatment with regard *215 to receipt of insurance benefits. The benefits were not uniformly made available to all male employees. The evidence thus does not support a finding that plaintiff was denied the benefits by reason of her sex.
Finally, the Court concludes as a matter of law that plaintiff was not discharged in retaliation for her opposition to employment practices in violation of Title VII. The evidence supports the conclusion that relations between plaintiff and the new management of Midland Corporation had deteriorated severely by the time of plaintiff's termination. Therefore, although plaintiff made a prima facie case under § 704(a), in that she demonstrated that she opposed practices of Midland that she believed to be in violation of Title VII and that her discharge followed closely thereafter, 42 U.S.C. § 2000e-3(a), it is the opinion of the Court that she has failed to carry the ultimate burden of proving that the reasons articulated by defendant for her termination were pretextual.
Accordingly, plaintiff's claim that she was discriminated against on the basis of her sex must be rejected and defendant is entitled to judgment in its favor.

JUDGMENT
This action came on for trial before the Court and a jury, the Honorable George F. Gunn, Jr., District Judge presiding, and the issues having been duly tried on the claims of age discrimination and under the equal pay act, and the jury having rendered its verdicts in favor of defendants The Midland Corporation, Midland Communication Systems, Inc., Midland Computer Center, Inc., Midland Mailing Corporation, Midland Holdings Group, and Midland Real Estate and Mortgage Company and against plaintiff, Carol Hohe;
It is ORDERED and ADJUDGED that the plaintiff take nothing by her cause of action, that the action be dismissed on the merits, and that the defendants recover of the plaintiff their costs of action.
Furthermore, in accordance with the memorandum of the Court filed this day which is incorporated and made a part of this judgment;
It is FURTHER ORDERED and ADJUDGED that plaintiff recover nothing against defendants on her sex discrimination claim, that the claim be and is dismissed on the merits, and that the defendants recover of the plaintiff their costs of action.
NOTES
[1] The reach of Title VII into closely-held family corporations is uncertain. Plaintiff directs the Court to Bonilla v. Oakland Scavenger Co., 697 F.2d 1297 (9th Cir.1982), cert. denied, ___ U.S. ___, 104 S.Ct. 3533, 82 L.Ed.2d 838 (1984), for the proposition that where an employer's size makes it subject to federal laws prohibiting employment discrimination, the national interest expressed by the law overrides any legitimate interest of the employer in protecting its family members. In Bonilla, however, the enterprise employed 500 people, 100 of whom were favored "family" members, and the Court expressly excepted the instant case from the reach of its opinion. "We emphasize that our decision by no means interferes with the capacity of the proprietors of a small family-owned business, or, for that matter, any small business, to conduct its affairs with heightened solicitude toward family or friends." 697 F.2d at 1304. See also Green v. Edward J. Bettinger, 608 F.Supp. 35 (E.D.Pa.1984) ("In short, an employer does not violate Title VII or any other anti-discrimination statute by grooming his son to take over the business.") The Court does not need to resolve this issue, however, since it concludes as a matter of law that the work being performed by plaintiff was not substantially equal to that performed by Gary Gerchen and Harold Sarner.