**Charlotte P. STATON, Appellant,**

v.

**MARIES COUNTY; Milford French, Sheriff, individually and as Sheriff of Maries County, Appellees.**

**No. 88–1161.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 16, 1988.

Decided Feb. 28, 1989.

Rehearing and Rehearing En Banc Denied April 24, 1989.

Carolyn J. Biermann, St. Louis, Mo., for appellant.

Jim Elliott, Vienna, Mo., for appellees.

Before McMILLIAN and BOWMAN, Circuit Judges, and HENLEY, Senior Circuit Judge.

HENLEY, Senior Circuit Judge.

In this appeal, Charlotte P. Staton challenges the district court's[1] order entering judgment in favor of defendants Maries County and Sheriff Milford French, and dismissing Staton's sexual harassment claim brought pursuant to 42 U.S.C. § 2000e et seq. (Title VII). For reversal, Staton contends that the district court erred (1) in resolving the issue of Staton's credibility adversely to her; (2) in finding that the alleged sexual harassment was not so pervasive as to alter the conditions of employment; (3) in concluding that Maries County could not be held liable for the conduct of defendant French; and (4) in failing to make findings concerning Staton's entitlement to a remedy. For reasons to be stated, we affirm.

This case has resurfaced after having been remanded by this court for further proceedings in *Moylan v. Maries County*, 792 F.2d 746 (8th Cir.1986). The facts and procedural history are set forth in detail in our prior opinion and need be restated only briefly here. Staton[2] commenced this action in March of 1982, alleging that while she was employed as a dispatcher with the Maries–Osage Ambulance District (which had contracted for certain of its services to be supplied through the Maries County Sheriff's Office), she suffered numerous sexual advances at the hand of, and was eventually raped by, Maries County Sheriff Milford French. Staton's complaint maintained that French's conduct constituted a violation of 42 U.S.C. § 1983 and Title VII. The § 1983 claim proceeded to a jury, which returned a verdict in favor of the County and French; the district court entered judgment in favor of the defendants on the Title VII claim. On appeal, this court affirmed the judgment of the district court on the § 1983 claim and remanded the Title VII portion of the action, ordering the district court to consider both the questions whether Staton had proved the existence of a sexually hostile work environment, and whether Maries County could be held liable under Title VII for the conduct of Sheriff French. 792 F.2d at 750.

In addressing these issues on remand, the district court evaluated the evidence and concluded that Staton failed to establish the existence of a sexually hostile work environment, noting in particular that she "may have, to some extent 'invited' [French's conduct]," and that in any event, the alleged harassment was not "so pervasive as to alter the conditions of employment." Although the court held that

---

1. The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri.

2. Sometime following the *Moylan* decision, the appellant remarried and has taken the surname Staton.

French was Moylan's employer and that French was an agent for the County, thus bringing the County within the purview of Title VII, the court determined that the County could not be held liable for the alleged harassment because it did not have notice of French's conduct. Staton now brings this appeal.

■ Sexual harassment resulting in a hostile work environment is universally recognized as violative of Title VII. *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 66, 106 S.Ct. 2399, 2405, 91 L.Ed.2d 49 (1986). Hostile work environment harassment is said to exist when sexual conduct " 'has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive work environment.' " *Id.* at 65, 106 S.Ct. at 2405 (quoting 29 C.F.R. § 1604.11(a) (1985)); *Hall v. Gus Constr. Co.,* 842 F.2d 1010, 1013 (8th Cir.1988). In order to prevail on a claim of this nature, a plaintiff must establish that (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based upon sex; (4) the harassment affected a term, condition or privilege of employment; and (5) the employer knew or should have known of the harassment and failed to take appropriate remedial action. *Hall,* 842 F.2d at 1013 (citing *Moylan,* 792 F.2d at 749).

In the present case, the district court determined that Staton established two elements of her sexually hostile environment claim, to-wit, that she was a member of a protected group and that the alleged harassment was based upon sex. As indicated, the court further found, however, that the alleged harassment may have been invited, and that in any event it did not significantly impact upon the conditions of Staton's employment. In her initial two assignments of error, Staton essentially attacks these latter findings, which we review under the standard delineated in Fed. R.Civ.P. 52(a). *Anderson v. City of Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985). Pursuant to Rule 52(a), "[f]indings of fact ... shall not be set aside unless clearly errone-

ous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Fed.R. Civ.P. 52(a). A factual finding is deemed clearly erroneous only if it is unsupported by substantial record evidence, if it evolves from an erroneous conception of the applicable law, or if the reviewing court is left with the definite and firm conviction that a mistake has been made. *Danzl v. North St. Paul–Maplewood–Oakdale Indep. School Dist. No. 622,* 706 F.2d 813, 816 (8th Cir.1983). Under the clearly erroneous standard, a reviewing court may not reverse a finding of the trier of fact simply because it would have decided the case differently. *Anderson,* 470 U.S. at 573, 105 S.Ct. at 1511.

■ Applying these principles to the case at hand, we cannot say that the district court's findings are clearly erroneous. The district court resolved the issue of Staton's credibility against her after entering findings indicating that a special prosecutor appointed to investigate the allegation of rape determined that no criminal action should be taken; the Missouri Commission on Human Rights made a finding of no probable cause on Staton's claim of sexual harassment filed with that agency; Staton had pleaded guilty to a charge of making false statements to obtain benefits under employment security law; and various other findings to the effect that Staton and French were close and confided in one another. Significantly, each of these key findings of fact is predicated upon substantial evidence in the record.

Similarly, in determining that French's conduct was not so pervasive as to alter the conditions of employment, the district court entered findings indicating that although the act of intercourse was shown to have affected Staton's psychological well-being, she was able to work regular shifts for ten days after the incident, and there was no testimony to the effect that she was distressed or unable to perform her duties. Our review of the record discloses a substantial evidentiary basis for these findings. In short, the district court's memorandum opinion clearly reflects that the

court carefully and thoroughly evaluated the evidence and the relative credibility of the witnesses before entering the findings at issue. Having found nothing in the record indicating that these findings are clearly erroneous, we reject Staton's first two assignments of error.

While in the special fact circumstances here present, it may be highly questionable whether Maries County is sufficiently related to this case, as employer or otherwise, to be held liable, either with or without notice of French's activity, our resolution of the first two issues raised on appeal makes it unnecessary for us to address Staton's additional contentions. Accordingly, the judgment of the district court is affirmed.