**Robin L. HARRIS, Plaintiff,**

v.

**HOME SAVINGS ASSOCIATION, Defendant.**

**No. 88–0504–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

June 19, 1989.

John L. Williams, Williams & Clark, Kansas City, Mo., for plaintiff.

Andrew See, Larry M. Schumaker, Shook, Hardy & Bacon, Kansas City, Mo., for defendant.

## ORDER

WHIPPLE, District Judge.

Pending before the court is defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, herein filed on March 17, 1989. Plaintiff filed a short response to defendant's motion on April 7, 1989 and on May 17, 1989, defendant filed a reply thereto.

Plaintiff's complaint contains claims of harassment and discrimination on the basis of race and sex under Title VII, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §§ 1981, 1983, 1985. Defendant seeks summary judgment on all of plaintiff's claims and in the alternative, seeks partial summary judgment in the event defendant is unsuccessful in obtaining complete summary judgment.

## FACTUAL BACKGROUND

Plaintiff is a black female who began working in defendant's commercial loan department as a commercial loan processor on February 11, 1985. Subsequently, plaintiff's job title for this position was changed to commercial loan assistant, but the duties remained essentially the same. Plaintiff describes this position as an administrative position, whereas defendant describes this position as both clerical and administrative.

Plaintiff took maternity leave from May 27, 1986 through August 4, 1986. During plaintiff's maternity leave, the commercial loan department was expanded and reorganized and three new positions were created. Plaintiff's job title was changed to loan administration assistant. Although plaintiff's salary and many of her duties remained unchanged, plaintiff characterizes

this position as primarily clerical in nature, whereas defendant describes it as exactly the same position, involving both clerical and administrative duties.

After the reorganization, there were a total of five commercial loan department personnel at comparable level jobs entitled "commercial loan assistants" and "loan administration assistants": Terry Randolph, a black male; Ginger Harsh, a white female; plaintiff, black female; Craig Lindbloom, a white male; and Teri Campbell, a white female. Plaintiff's salary was lower than that of Randolph and Harsh and higher than that of Lindbloom and Campbell.

Plaintiff argues that she was subjected to a degrading experience in the defendant's work environment, as characterized by defendant's singling plaintiff out with humiliating actions, tending to discredit, shame and disgrace plaintiff, allowing certain staff members to instruct plaintiff to sit in a cubicle in a corner away from her normal work station and away from the other employees, that plaintiff's work station was given to another employee, and finally, plaintiff was humiliated by defendant's placing plaintiff's personal items in a small box. Plaintiff claims that upon her return from maternity leave she had been demoted from her position as commercial loan assistant to loan administrative assistant.

During the reorganization of the commercial loan department in July of 1986, defendant states that it was necessary to use plaintiff's desk and therefore plaintiff's personal items in her desk were removed to enable new departmental staff to use the space. Upon her return, plaintiff was assigned to a new desk, furnished with an L-shaped partition. Defendant argues that this move was simply an attempt to make efficient use of office space.

Plaintiff's complaint also alleges that following her return to work, she was shown a "new" organizational chart, prepared and distributed at a staff meeting which plaintiff claims maliciously omitted her name, although it included all the other employees. Defendant's response to this is that the organizational chart had several numbered spots allotted as vacant and that plaintiff's position was merely listed as vacant instead of having her name listed with it because defendant was holding her job open for her.

On October 15, 1986, plaintiff resigned her employment. At her exit interview, plaintiff indicated that her supervisor and the working conditions at Home Savings were "fair."[1] Plaintiff also reported that she was leaving to take a job at roughly the same salary with First National Bank (now known as Boatmen's Bank). Plaintiff started work with First National Bank on October 16, 1986, the day after the effective date of her voluntary resignation from Home Savings on October 15, 1986.

In short, plaintiff claims that she was demoted upon return from her maternity leave and was subjected to a hostile work environment as characterized by defendant's actions set forth above. Plaintiff states that she believes that defendant's racial and sexual harassment were precipitated by her pregnancy. Plaintiff claims that she was harassed concerning her return to work following pregnancy and that an individual in the office kept track of her whereabouts at all times. Plaintiff claims that another similarly situated employee, a pregnant female who is white, was treated differently. Specifically, plaintiff claims that the other pregnant employee was not harassed and questioned about when she would return to work, was not continually

---

1. On the exit interview form, plaintiff responded to the question asking about the events that led to her resignation, stating "see comments on job description." Exhibit 4 to plaintiff's motion for summary judgment. In her job description comments, plaintiff states that the position of loan administration assistant is a demotion because the job duties are clerical in nature and do not offer any opportunity to increase her experience in credit analysis and evaluation. Plaintiff states that the only skills to be learned are typing, filing and servicing. Plaintiff stated that when she took the job in February 1985, in the position of commercial loan assistant, this position would allow her the opportunity to learn about commercial lending. Plaintiff perceived that her old job was now being performed by two people with less education and experience than herself. See Exhibit 2 to defendant's motion for summary judgment.

supervised as to her whereabouts and was not reprimanded for being sick during her pregnancy, as was the plaintiff.

Defendant argues that plaintiff was not demoted upon return from maternity leave. Defendant points out that plaintiff's salary and benefits remained intact, and that both before and after her maternity leave, plaintiff was ranked third out of the five comparable level employees in her department. Defendant argues that while plaintiff was away on maternity leave, defendant organized its commercial loan department and as a part of that reorganization, a comparable job classification called "loan administration assistant" was created. The fact that plaintiff characterizes the change in her job title upon her return from maternity leave as a "demotion" is a conclusory assertion with no basis in fact.

In her complaint, plaintiff also claims that defendant hired a white male who was trained by the plaintiff and this individual was given her former job title, although he had less experience and education, and was given a higher salary. Likewise, plaintiff claims that defendant promoted a white female who was also trained by plaintiff and given her former job title, even though she had less experience and education, and that this individual was also given a higher salary than plaintiff. Defendant submits that plaintiff is mistaken and that the departmental pay records demonstrate this.

## STANDARD OF REVIEW

A movant is entitled to summary judgment pursuant to Fed.R. of Civ.P. 56(c), "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The moving party bears the burden of proof. *Aetna Life Insurance Co. v. Great National Corp.*, 818 F.2d 19, 20 (8th Cir. 1987). When considering a motion for summary judgment, the court must scrutinize the evidence in the light most favorable to the non-moving party, according the non-moving party the benefit of every fac-

tual inference and resolving all doubts as to the facts or existence of any material fact against the moving party. *United States v. Conservation Chemical Co.*, 619 F.Supp. 162, 179–180 (W.D.Mo.1985).

Recently the Supreme Court has redefined the standards to be considered in ruling on summary judgment motions. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the Supreme Court discussed the twin requirements of Rule 56(c), that there be (1) no genuine issue of (2) material fact:

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of this suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 248, 106 S.Ct. at 2510.

Further, [i]n assessing whether a material fact is subject to a genuine dispute, a court should employ a standard essentially identical to that governing a motion for directed verdict under Rule 50(a). *Id.* at 250, 106 S.Ct. at 2511. In *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Supreme Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. *Id.* at 586, 106 S.Ct. at 1355. If a rational trier-of-fact, considering the record as a whole, could not find in favor of the non-moving party, then a trial is unnecessary. *Id.*

Finally, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the court, after further examining procedures for summary judgment, concluded by encouraging its use in appropriate cases:

> The Federal Rules of Civil Procedure have for more than 50 years authorized motions for summary judgment upon proper showing of the lack of a genuine trial issue of material fact. Summary

judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed "to secure the just, speedy, and inexpensive determination of every action."

*Id.* at 327, 106 S.Ct. at 2555.

Lower courts are now embracing this new philosophy: "The motion for summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing court's trial time for those cases that really do raise genuine issues of material fact." *City of Mount Pleasant v. Associated Electric Co-operative, Inc.,* 838 F.2d 268, 273 (8th Cir. 1988).

■ Where, as here, the party moving for summary judgment does not bear the burden of proof at trial, that party must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. at 325, 106 S.Ct. at 2554. This burden is met when the moving party identifies those portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* 477 U.S. at 423, 106 S.Ct. at 2553–2554.

If the moving party meets the requirement, the burden shifts to the non-moving party who "must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510 (emphasis added). The trial judge then determines whether a trial is needed. "[W]hether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* 477 U.S. at 250, 106 S.Ct. at 2511.

### DISCUSSION

■ First, defendant requests summary judgment on plaintiff's purported employment discrimination claims made under §§ 1981, 1983 and 1985. Plaintiff completely failed to address defendant's challenge to these claims in her opposition to this motion. It is clear that summary judgment is warranted with respect to any claims made for discrimination and/or harassment, pursuant to §§ 1983 and 1985. Section 1983 is completely inapplicable because defendant is a private employer, not a "state actor." Section 1985 is inapplicable because there has been no allegation, nor any evidence, of the requisite "conspiracy" necessary to support a claim under the statute. Indeed, a corporation cannot conspire with its own employees. *See Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir.1972). In addition, § 1985 is inapplicable because Title VII provides an exclusive avenue for assertion of employment discrimination claims. *See Great American Federal Savings & Loan Association v. Novotny,* 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979).

Defendant asserts that § 1981 is an inappropriate vehicle for employment discrimination claims. Defendant argues that Title VII was enacted as a comprehensive employment discrimination statute and should be the exclusive avenue for such claims. In *Patterson v. McLean Credit Union,* 805 F.2d 1143 (4th Cir.1986), the Fourth Circuit ruled that "racial harassment" claims are not cognizable under § 1981. In *Patterson,* the court submitted the § 1981 claims for discriminatory failure to promote and discharge to the jury, which returned a verdict for the defendant. As stated, the court held that a claim for racial harassment is not cognizable under § 1981 and refused to submit that claim to the jury. The United States Supreme Court granted certiorari in *Patterson* and *sua sponte* raised the issue of whether any employment discrimination claim may be brought under § 1981. *See Patterson v. McLean Credit Union,* 485 U.S. 617, 108 S.Ct. 1419, 99 L.Ed.2d 879 (1988). The case was restored to the calendar for reargument and the Court has not issued an opinion thereon as of the date of this order.

This court agrees with the reasoning set forth in *Patterson v. McLean Credit Union,* 805 F.2d 1143 (4th Cir.1986) in that racial harassment claims should not be cognizable under § 1981. As stated in *Patterson:*

Claims of racially discriminatory hiring, firing, and promotion go to the very existence and nature of the employment contract and thus fall easily within § 1981's protection. Instances of racial harassment, on the other hand, may implicate the terms and conditions of employment under Title VII, *see, e.g., EEOC v. Murphy Motor Freight*, 488 F. Supp. 381, 384–86 (D. Minn. 1981), and of course may be probative of the discriminatory intent to be shown in a § 1983 action. *See, e.g., Carter v. Duncan-Huggins, Ltd.*, 727 F.2d 1225, 1233 (D.C. Cir. 1984), but, standing alone, racial harassment does not abridge the right to "make" and "enforce" contracts—including personal service contracts—conferred by § 1981.

*Id.* 805 F.2d at 1145–1146.

Although the court agrees with the reasoning set forth in *Patterson v. McLean Credit Union* concerning claims of racial (and sexual) harassment under § 1981, the question remains as to whether summary judgment is proper on any purported claims of racial/sexual discrimination which plaintiff has set forth pursuant to § 1981. Because the court has determined that plaintiff has failed to satisfy her burden of proof in establishing a material issue of fact for trial on her claims of racial/sexual discrimination and/or harassment pursuant to Title VII, the court holds that plaintiff has likewise failed to support her cause of action for racial/sexual discrimination under § 1981.

■ In response to defendant's motion for summary judgment, plaintiff has filed her affidavit, which consists of her subjective beliefs and feelings that she was discriminated against. It is well-settled, however, that a plaintiff's "beliefs" or "feelings" cannot create a triable issue of discrimination. *See, e.g., Lane v. Sotheby Parke Bernet*, 758 F.2d 71, 72 (2d Cir. 1985); *Boddy v. Dean*, 821 F.2d 346, 349 (6th Cir.1987); *Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir.1988).

Plaintiff's affidavit sets forth a number of conclusory assertions, many of which totally lack the requisite foundation of personal knowledge.[2] Unfortunately, plaintiff's complaint is not clear concerning the exact incidents of discrimination alleged. Plaintiff has failed to file a designation of each alleged incident of discrimination, in violation of this court's specific order of September 21, 1988. Therefore, it is difficult to ascertain exactly what *claims* plaintiff is alleging as a result of the alleged discriminatory acts.

In her response, plaintiff states that material issues of genuine fact exist as to whether plaintiff's reassignment of job duties and denial of a salary increase were the result of racial and sexual discrimination. Therefore, the defendant has addressed plaintiff's claims made pursuant to Title VII as (1) salary discrimination and (2) demotion.

■ First, the court must note that this is not a case involving constructive discharge. Constructive discharge occurs only where the employer "deliberately renders an employee's working conditions intolerable in order to force the employee to quit the job." *Hervey v. City of Little Rock*, 787 F.2d 1223, 1231 (8th Cir.1986) (*citing Johnson v. Bunny Bread Co.*, 646 F.2d 1250, 1256 (8th Cir.1981)) (*quoting Slotkin v. Human Development Corp.*, 454 F.Supp. 250, 255 (E.D.Mo.1978)).

■ It is undisputed that plaintiff voluntarily resigned her employment with Home Savings on October 15, 1986 and immediately began working for Boatmen's Bank at a comparable salary without missing a single day of employment. In the "exit interview form" she prepared, plaintiff stated that she was leaving Home Savings to pursue an "opportunity" and further indicated that her working conditions and supervision at Home Savings had been "fair." Accordingly, the record before the court clearly establishes that plaintiff cannot maintain a constructive discharge claim and to the extent that plaintiff is attempting to do so, defendant is entitled to summary judgment.

---

**2.** Fed.R. of Civ.P. 56(e) directs that affidavits must be based on personal knowledge.

## Salary Discrimination

Plaintiff has vaguely suggested that she was the victim of "salary discrimination" in two respects: (1) she claims she was excluded from an alleged department-wide salary increase in March of 1986; and (2) she claims that, in general, her salary was lower than that of the other employees in the commercial loan department.

Defendant argues that plaintiff's claim regarding an alleged denial of a salary increase in March 1986 is subject to summary judgment for three independent reasons. First, under Title VII, any such claim is time-barred. Plaintiff did not file her EEOC charge until January 21, 1987. Thus, plaintiff's Title VII claim that she did not receive a salary increase in March of 1986 is barred by the 180–day EEOC filing deadline. 42 U.S.C. § 2000e–5(e). Second, plaintiff's affidavit statement regarding an alleged across-the-board salary increase of March 1986 is not based upon personal knowledge as required by Fed.R. of Civ.P. 56(e).

The third reason advanced by defendant in support of summary judgment is that the undisputed facts rebut any inference of salary discrimination on the basis of race or sex. Plaintiff's salary, both before and after her maternity leave, was ranked third out of the five comparable levels in her department.[3] Thus, the two employees who received a higher salary were a black male (Terry Randolph) and a white female (Ginger Harsh). The two individuals who received lower salaries were a white male (Craig Lindbloom) and a white female (Teri Campbell). Under these factual circumstances, no inference that plaintiff was treated differently because of race or sex is evident, and any claim of salary discrimination on the basis of plaintiff's race or sex is completely unsupported.

■ The underlying facts alleged by plaintiff to support her claim of salary discrimination, that salary increases were given to another black and another female but not to her, does not in and of itself create an inference of a race or sex motivated decision to support a triable salary discrimination claim. In fact, according to the evidence submitted by the defendant which remains totally unrebutted by the plaintiff, the only individual who received a salary increase in 1986 was Terry Randolph, a black male, whose salary was increased from $17,000.00 to $20,000.00 effective February 1, 1986, as the result of a promotion.

Plaintiff has completely failed to put before this court any evidence that there was a "department-wide salary increase" in 1986. In fact, plaintiff admitted in her deposition that her allegation about a department-wide raise in March of 1986 was based on hearsay rumors and that she did not "know factually" whether there was such an increase. Harris Depo., p. 137, Exhibit A, defendant's Reply Brief. Plaintiff's mere conclusory allegations concerning her beliefs which are not based upon personal knowledge are simply insufficient to rebut the evidence submitted by the defendant on this point.

■ Further, any "general" salary discrimination claim that plaintiff has attempted to allege in her complaint is factually unsupported. In order to establish a prima facie case of "general" salary discrimination, the plaintiff must prove that she performed substantially equal work as her co-workers, but was paid less for it. *Wright v. The Missouri Department of Consumer Affairs*, 512 F.Supp. 729, 737 (E.D.Mo. 1981), (*citing Heymann v. Tetra Plastics Corp*, 640 F.2d 115, 120 (8th Cir.1981)); *Hohe v. Midland Corp.*, 613 F.Supp. 210, 214 (E.D.Mo.1985).

During 1986, plaintiff's salary was substantially higher than two other individuals in the department and lower than that of other individuals in the department. Specifically, on the issue of "race discrimina-

---

**3.** Defendant has submitted affidavits with accompanying exhibits, Exhibit C to defendant's Reply Brief, that established the salary ranking in the commercial loan department in mid–1986 was as follows:

| | | |
|---|---|---|
| (1) | Ginger Harsh, white female | $23,500.00 |
| (2) | Terry Randolph, black male | $20,000.00 |
| (3) | Robin Harris, black female | $19,280.00 |
| (4) | Craig Lindbloom, white male | $15,000.00 |
| (5) | Teri Campbell, white female | $14,000.00 |

tion," plaintiff's salary was substantially higher than the salaries of two white employees and lower than only one white employee. These circumstances simply do not establish a prima facie case of sex or race discrimination in salary levels.

Interestingly, plaintiff has offered no evidence to rebut the defendant's argument for summary judgment and appears to have abandoned this claim. In fact, plaintiff's five-page brief in opposition to defendant's motion merely sets forth the fact that material issues of fact exist as to whether plaintiff's reassignment of job duties and denial of a salary increase were the result of racial and sexual discrimination.

It is clear that plaintiff's salary discrimination claim is only based on her erroneous and admittedly unsupported belief that Craig Lindbloom was hired at a higher salary than she was earning. Defendant has established that plaintiff was hired in February 1985 at a salary of $18,200.00 and was given an increase to $19,280.00 in August 1985. Lindbloom was hired on April 1, 1986 at a salary of $15,000 and his salary remained at that level until January 1, 1987, when he received an increase to only $15,900.00.

Plaintiff's conclusory allegations in her affidavit that Lindbloom was given a higher salary than she is an erroneous assumption and was made without personal knowledge. Plaintiff admitted in her deposition that she had no personal knowledge of Lindbloom's salary but that the "pay records" will "prove whether [she is] right or wrong." Harris Depo. p. 158, Exhibit A, defendant's Reply Brief. Defendant has submitted the pay record information and it clearly establishes that summary judgment upon plaintiff's salary discrimination claim is appropriate. Exhibit B and C, defendant's Reply Brief.

The evidence before the court establishes that plaintiff was not excluded from an alleged department-wide salary increase in March 1986, her salary was not lower than every employee in the commercial loan department, and her allegation that co-worker Lindbloom was hired at a higher salary

than she is erroneous. Accordingly, summary judgment is appropriate upon these claims.

### Hostile Work Environment

█ Plaintiff's second theory of recovery is based on her assertion that harassment by co-employees subjected her to a sexually and racially hostile and abusive working environment. In order to prevail on a claim of sexual or racial harassment, a plaintiff must establish that (1) she is a member of a protected group; (2) she was subject to unwelcome sexual/racial harassment; (3) the harassment was based upon sex/race; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew, or should have known, of the harassment and failed to take appropriate remedial action. *Hall v. Gus Construction Co.*, 842 F.2d 1010 at 1013 (8th Cir.1988) (*citing Moylan v. Maries County*, 792 F.2d 746, 749 (8th Cir. 1986)); *Staton v. Maries County*, 868 F.2d 996, 998 (8th Cir.1989).

█ Hostile work environment harassment is said to exist when sexual and/or racial conduct "has the purpose or effect of unreasonably interfering with a person's work performance or creating an intimidating, hostile or offensive work environment." *Meritor Savings Bank F.S.B. v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404, 91 L.Ed.2d 49 (1986) (*quoting* 29 C.F.R. § 1604.11(a) (1985)); *Hall v. Gus Construction Co.*, 842 F.2d at 1013. This standard was amply set forth by the Eighth Circuit in *Moylan v. Maries County*, 792 F.2d 746, 749 (8th Cir.1986):

The harassment complained of must affect a term, condition or privilege of employment. The harassment must be "sufficiently pervasive as to alter the conditions of employment and create an abusive working environment." *Henson v. City of Dundee*, 682 F.2d [897] at 904 [ (11th Cir.1982) ]. The plaintiff must show a practice or pattern of harassment against her or him; a single incident or isolated incidents generally will not be sufficient. The plaintiff must generally show that the harassment is sustained

and non-trivial. *Katz v. Dole,* 709 F.2d [251] at 256 [ (4th Cir.1983) ].

Thus, in order to recover plaintiff must show that the harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment. *Minteer v. Auger,* 844 F.2d 569, 570 (8th Cir.1988); *Hall v. Gus Construction Co.,* 842 F.2d 1010, 1014–15 (8th Cir.1988); *see also,* 29 C.F.R. § 1604.11(a) (1987). In addition, relatively minor inconveniences or irritations which an employee "suspects" relate to her race or sex simply are not actionable. *Minteer v. Auger,* 844 F.2d at 570–71; *Tolliver v. Yeargan,* 728 F.2d 1076, 1077–78 (8th Cir. 1984); *Lane v. Sotheby–Parke Bernet, Inc.,* 758 F.2d 71, 72 (2d Cir.1985).

This case is remarkably similar to *Minteer, Tolliver* and *Lane,* in that plaintiff has claimed that she was subjected to unlawful harassment and yet has offered no evidence of any conduct by the employer which can be considered legally sufficient harassment. For instance, plaintiff has alleged that she was harassed when she was asked about when she planned to return to work, while Anita Ables, another pregnant employee, was not similarly questioned. Defendant has submitted that the simple, non-discriminatory answer to these allegations is that (1) it was routine business planning to ask when an employee on leave planned to return; and (2) Anita Ables was not asked about this matter because she had told defendant that she planned on resigning at the end of her maternity leave.

Likewise, plaintiff alleges that upon her return to work she found that her old work station had been reassigned and that her new work station was not ready for her. Defendant has submitted affidavit(s) in support of summary judgment that establish that the reassignment of work stations was prompted by the addition of personnel during plaintiff's absence. Plaintiff has admitted in her deposition that the alleged delay in preparing a new work station for her return only lasted a few hours and was, in her opinion, merely the result of disorganization. Harris Depo., pp. 154–55, Exhibit A, defendant's Reply Brief.

In light of plaintiff's affirmative admission that her working conditions while in defendant's employ were "fair," these isolated and minor incidents of which she now complains simply do not rise to the level of actionable harassment. *Compare, Minteer,* 844 F.2d at 570–571 (isolated incidents were insufficient to create an "abusive" work environment); *Tolliver,* 728 F.2d at 1077–78 (allegations that plaintiff was addressed by his last name instead of "doctor" and that whites did not knock on plaintiff's door did not establish racial harassment claim).

Clearly, the alleged acts of harassment, such as the reassignment of her desk and the placement of her personal items in a box while she was on maternity leave, are isolated incidents which do not constitute actionable harassment. These do not alter the conditions of employment, nor do they create an abusive working environment. In fact, there is no evidence in the record of any racial or sexual motivation underlying these isolated and insignificant actions. Plaintiff has presented no evidence that any of defendant's actions were based on plaintiff's race or sex. The court finds that plaintiff has failed to establish an actionable case of sexual or racial harassment due to an offensive work environment.

### Demotion

Plaintiff claims that she believes she was demoted from an administrative position to a clerical one and that during her maternity leave defendant failed to hold her job open for her or to offer her a comparable position following her return to work. Although plaintiff admits that her salary remained the same, she argues that the prohibitions of Title VII are broad and include subtle distinctions in the terms and conditions of employment such that plaintiff's demotion constituted a setback in her career advancement and denied her any future monetary advancement. Plaintiff claims that she changed her career path because of defendant's refusal to take affirmative action to correct the effects of its purported discriminatory policies and practices.

Plaintiff has completely failed to present any evidence on what exact career advancement and monetary advancement she was denied. It is undisputed that plaintiff returned to work at the exact same salary as before she left on maternity leave and that the position she occupied when she returned was comparable. Further, defendant has submitted that this new classification was the result of the complete reorganization of the defendant's commercial loan department. Defendant classified her prior position and her new position as encompassing similar duties on both administrative and clerical levels. Plaintiff, however, believes and feels that when she returned from her maternity leave her job was more clerical and less administrative, and therefore did not allow her opportunity for advancement.

■■■ In opposition, defendant has offered the explanation that the change in plaintiff's job title was part of a departmental expansion and reorganization which took place during her absence on maternity leave, and that a position considered comparable by defendant at exactly the same salary and level of responsibility in defendant's organization was held open for her return. These non-discriminatory factors, which plaintiff has not attempted to refute, totally undermine plaintiff's speculative and conclusory allegations of discrimination. *See Boddy v. Dean,* 821 F.2d at 349 (speculation insufficient to create triable issue of discrimination); *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985) (plaintiff's "feelings" insufficient to create a triable issue of discrimination); *Goldberg v. B. Green & Co.,* 836 F.2d 845, 848 (4th Cir. 1988) (conclusory allegations insufficient to create triable issue of discrimination).

## CONCLUSION

It is clear from the record before the court that plaintiff's complaints of discrimination lack the factual allegations necessary to state cognizable claims of racial or sexual harassment. Further, plaintiff's conclusory allegations and "beliefs" as submitted in her affidavit in opposition to this motion are completely insufficient to create a triable issue of discrimination and to re-

but defendant's motion for summary judgment.

Indeed, as stated in *Meiri v. Dacon,* with regard to summary judgment in the context where an individual's intent and state of mind are implicated:

> To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases. Given the ease with which these suits may be brought and the energy and expense required to defend such actions, we believe the trial judge properly granted summary judgment.

795 F.2d at 998.

In this case, the plaintiff completely failed to present evidence that (1) her purported discrimination/harassment was based upon sex or race; and (2) that said harassment affected a term, condition or privilege of employment. Likewise, plaintiff completely failed to establish a Title VII "demotion" claim or establish that she was discriminated against on the basis of salary. Plaintiff has admitted that she returned from maternity leave at the same salary.

■■■ More important, plaintiff voluntarily resigned her employment effective October 15, 1986. Plaintiff has not sought and may not seek equitable reinstatement and because the only remedies available under Title VII are backpay and equitable reinstatement, plaintiff simply has no controversy for the court to resolve. *Backus v. Baptist Medical Center,* 671 F.2d 1100, 1102–03 (8th Cir.1982) (directing district court to dismiss Title VII claim for lack of subject matter jurisdiction where plaintiff sustained no economic loss, and where plaintiff subsequently resigned from employment).

Accordingly, defendant's motion for summary judgment on all claims set forth in plaintiff's complaint is granted and plaintiff's complaint is dismissed.