Carolyn R. **HURD**, Plaintiff-Appellant,

v.

**RALPHS GROCERY COMPANY, et al., Defendants,**

and

**United Food and Commercial Workers Union, Local No. 324, Defendant-Appellee.**

No. 86–6255.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 1987.

Decided Aug. 13, 1987.

---

Edward Smilow, Orange, Cal., for plaintiff-appellant.

Joseph L. Paller, Jr., Los Angeles, Cal., for defendant-appellee.

Before SCHROEDER, ALARCON and NELSON, Circuit Judges.

ALARCON, Circuit Judge:

Carolyn R. Hurd (Hurd) appeals from the district court's order granting sanctions pursuant to Fed.R.Civ.P. 11 for attorney's fees and costs to United Food and Commercial Workers Union, Local No. 324 (the Union). After granting the Union's motion for a summary judgment, the district court imposed sanctions because of its conclusion that Hurd's cause of action against the Union for breach of the duty of fair representation had no basis in law or in fact. Because Hurd's opposition to the motion for a summary judgment presented a good faith argument for the extension of existing law, we reverse.

I.

In January 1972 Hurd began working for Ralphs Grocery Company (Ralphs) as a food clerk. Hurd was a member of the Union. Hurd was discharged on March 15, 1984 for fraudulent appropriation of a discount coupon belonging to Ralphs.

Hurd unsuccessfully contested her discharge through the three step procedure provided for in the Union's collective bargaining agreement, which specified the terms and conditions of her employment with Ralphs. Thereafter, she filed a complaint in the Superior Court of the State of California for the County of Orange alleging, *inter alia*, that the Union had breached the duty of fair representation. On April 26, 1985, she filed a first amended complaint. This pleading was signed by Marianne Reinhold, of the law office of Edward L. Smilow (Smilow).

On May 31, 1985 the action was removed to the district court. The Union filed its answer to Hurd's first amended complaint on June 7, 1985. The date set by the district court for the completion of discovery was February 28, 1986. On March 3, 1986, the Union sent a letter to Hurd's attorney advising him that Hurd's cause of action lacked merit. The letter contained an eight page legal analysis of the merits of the claim for breach of the duty of fair representation, including citations to relevant authorities. The letter also warned Hurd's counsel that if the action was not dismissed before Friday of that week, a motion for sanctions under Rule 11 would be filed. Hurd did not file a motion for dismissal of her claim. On March 10, 1986, the Union filed a motion for summary judgment and a motion for sanctions. Hurd's counsel filed his opposition to the motion for summary judgment (opposition paper) on March 24, 1986. This was the first paper filed by Hurd's counsel in the district court. The hearing on the motions was held on March 31, 1986.

On April 8, 1986, the district court entered an order for partial summary judgment on the federal claims and dismissed the pendant state claims. No appeal was taken from that order.

On July 11, 1986, the district court entered its order granting sanctions pursuant to Rule 11 for $5,000.00 in attorney's fees and $813.14 in costs. Hurd filed this appeal from the order imposing sanctions pursuant to Rule 11 on August 5, 1986.

## II.

Appellate review of orders imposing sanctions under Rule 11 may require a number of separate inquiries. If the facts relied upon by the district court to establish a violation of the Rule are disputed on appeal, we review the factual determinations of the district court under a clearly erroneous standard. If the legal conclusion of the district court that the facts constitute a violation of the Rule is disputed, we review that legal conclusion *de novo*. Finally, if the appropriateness of the sanction imposed is challenged, we review the sanction under an abuse of discretion standard.

*Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986) (footnote omitted).

No challenge has been made regarding the appropriateness of the sanction imposed. The facts are not in dispute. Hurd seeks reversal on the ground that the district court erred in concluding that her opposition paper did not meet the objective standards set forth in Rule 11. We must review this contention *de novo*.

■ Hurd contends that sanctions pursuant to Rule 11 cannot be imposed based solely on the filing of a complaint in a state court. She argues further that her first amended complaint alleged a sufficient factual and legal basis for her claim for breach of the duty of fair representation by the Union.

Rule 11 "is intended to be applied by district courts vigorously to curb widely acknowledged abuse from the filing of frivolous pleadings, and other papers." *Id.* at 829. At the time the motion for sanctions was filed on March 10, 1986, no paper had been filed by Hurd's counsel in the district court. We have not been called upon previously to decide whether Rule 11 sanctions can be imposed solely because of the filing

of a complaint in a state court prior to removal. The courts that have addressed this issue have concluded that a pleading filed in a state court is not subject to Rule 11 sanction.

In *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253 (4th Cir.1987), the plaintiff filed a complaint in state court, but the defendant removed the action to federal district court and moved for dismissal and sanctions. Although the plaintiff then voluntarily dismissed the complaint, the district court imposed Rule 11 sanctions on plaintiff's attorney. The Fourth Circuit reversed, reasoning that application of Rule 11 to complaints filed in state courts, with less stringent requirements for pleading would encourage defendants to seek removal. Such an interpretation "would defeat one of the purposes of Rule 11: to keep frivolous litigation out of federal court." *Id.* at 257. In *Stiefvater Real Estate, Inc. v. Hinsdale*, 812 F.2d 805, 809 (2d Cir.1987), the imposition of Rule 11 sanctions after removal, because of the filing of a frivolous claim in state court was reversed because "the district court had no authority to give [Rule 11] retrospective application." In *Columbus, Cuneo, Cabrini Medical Center v. Holiday Inn*, 111 F.R.D. 444, 447 (N.D.Ill.1986), the district court stated that the imposition of sanctions in a diversity action based on the filing of the complaint in state court and a motion for voluntary dismissal "would be analogous to applying an ex post facto law." *See also Brown v. Capitol Air, Inc.*, 797 F.2d 106, 108 (2d Cir.1986) ("Rule 11, of course, does not purport to authorize sanctions for actions taken in state courts.").

We are persuaded that these courts have correctly interpreted the limited reach of Rule 11. We hold that sanctions cannot be imposed under Rule 11 for filing a paper in state court.

The Union's motion for sanctions referred solely to the complaints filed by Hurd prior to removal of this action. The district court lacked the power to impose sanctions under Rule 11 for the filing of

the complaint and the first amended pleading.

The opposition paper was filed in the district court. Rule 11 was applicable to this document. *See Brown,* 797 F.2d at 108 (While Rule 11 does not apply to actions taken in state court, sanctions may be imposed in appropriate circumstances for the defense of an action against a motion for summary judgment filed in the federal court.).

■ The district court had the power to impose sanctions on its own initiative for the filing of the opposition paper. Accordingly, we must review the opposition paper to determine *de novo* if sanctions are applicable under Rule 11.

Rule 11 provides in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name.... The signature of an attorney ... constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonably inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

■ Hurd argues that her attorney made a good faith argument that existing law is applicable to her claim or, that it should be extended if it now excuses the Union's perfunctory conduct of her defense. We agree.

In her 35–page opposition paper, Hurd sought to demonstrate that there were disputed issues of material fact regarding her claim that the Union acted in a perfunctory manner in its investigation of Ralphs' true

motive in discharging her and in the presentation of her defense to her employer's claim that she committed a theft. After setting forth a detailed statement of the evidence offered at the arbitration proceedings, Hurd analyzed each of the Union's alleged errors and omissions.

Hurd first complained that the Union failed to present available evidence that would have impeached the credibility of Ralphs' witnesses. Hurd also attempted to persuade the district court that the failure of the Union to interview key witnesses resulted in surprise testimony and ineffective cross-examination.

Hurd also argued to the district court that the Union ignored her request for assistance prior to being interrogated by Ralphs' employees concerning the alleged theft. Hurd further explained that the discriminatory failure to provide her with an interrogation rights card, furnished to other Union members, resulted in the loss of the protection accorded workers accused of a violation of work rules under *NLRB v. J. Weingarten, Inc.,* 420 U.S. 251, 256–67, 95 S.Ct. 959, 963, 43 L.Ed.2d 171 (1975). Hurd cited the denial of her request that the arbitrator selected to preside over the hearing to resolve her grievance be replaced after discovery of his potential bias as an additional demonstration of the Union's breach of fair representation.

Eleven pages of the opposition paper were devoted to a discussion of pertinent decisions of the Supreme Court and this circuit regarding the legal standards applicable to a claim of breach of fair representation. Hurd's opposition paper also includes an analysis of the law of preemption of common law claims under section 301 of the Labor Management Relations Act and the preclusive effect of a decision of the California Unemployment Appeals Board on a claim of breach of the duty of fair representation. Each of these arguments is addressed to pertinent legal issues and is supported by an accurate statement of the applicable law.

The district court granted the motion for a summary judgment. No appeal was taken from the order granting the Union's motion for a summary judgment. In con-

ducting our independent review, we are not concerned with the question whether the district court properly granted the motion for a summary judgment. Instead, we must decide whether the defense to the motion was made in good faith. "Rule 11 should not impose the risk of sanctions in the event that the court later decides that the lawyer was wrong." *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1542 (9th Cir.1986). "[T]he granting of a summary judgment against the pleader is not dispositive of the issue of sanctions." *Zaldivar*, 780 F.2d at 830.

Our review is limited to determining whether the district court erred in concluding that Hurd's counsel violated his duty to make a reasonable inquiry into the facts prior to the filing of any paper in the district court and whether the opposition paper contains a " 'plausible, good faith argument.' " *Golden Eagle*, 801 F.2d at 1538, *quoting Zaldivar*, 780 F.2d at 833. "If judged by an objective standard, a reasonable basis for the position exists in both law and in fact at the time that the position is adopted, then sanctions should not be imposed." *Id.*

In *Vaca v. Sipes*, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), the Supreme Court accepted the proposition that "a union may not arbitrarily ignore a meritorious grievance or process it in a perfunctory fashion...." *Id.* at 191, 87 S.Ct. at 917. In *Castelli v. Douglas Aircraft Co.*, 752 F.2d 1480 (9th Cir.1985), we held that "[a]n employee has no absolute right to have a grievance taken to arbitration, but a union may not arbitrarily ignore a meritorious grievance nor process it perfunctorily." *Id.* at 1482. "The phrase 'duty of fair representation' is a legal term of art, incapable of precise definition. There is no code that explicitly prescribes the standards that govern unions in representing their members in processing grievances. Whether a union breached its duty of fair representation depends upon the facts of each case." *Griffin v. International Union, United Auto., Aerospace & Agric. Implement Workers*, 469 F.2d 181, 182 (4th Cir.1972) (citations omitted).

The Union correctly characterizes Hurd's position before the district court as a request for a reconsideration of the rule expressed in *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 571, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976) and *Peterson v. Kennedy*, 771 F.2d 1244, 1253–59 (9th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1642, 90 L.Ed.2d 187 (1986), that mistakes in judgment or ordinary negligence do not constitute a breach of the duty of fair representation. Hurd seeks to impose on a labor union the duty to protect the job rights of its membership "with the utmost of care." Hurd contends that a failure to do less than vigorously defend a member's job rights is perfunctory representation in violation of *Vaca v. Sipes*. Hurd's counsel sought to persuade the district court that the Union's representation was perfunctory under existing law and if not then the law should be modified or extended to impose a higher duty.

Our review of the record persuades us that Hurd's counsel made a reasonable and somewhat elaborate inquiry into the facts supporting her claim prior to filing the lengthy opposition paper. The opposition paper also contains a good faith presentation of counsel's view of the scope of the existing standard and its application to the facts set forth in the complaint. It also contains a plausible, if not persuasive, dissertation on the necessity to change the law if it does not now provide adequate protection under these circumstances. The failure (1) to interview witnesses, (2) to investigate possible discrimination or retaliatory action against Hurd, (3) to provide representation at a *Weingarten* interrogation, or (4) to challenge the arbitrator because of his alleged bias provide at least a plausible basis for concluding that the Union acted perfunctorily in carrying out its duty to Hurd. The test for good faith is not whether we agree with the argument advanced by counsel, or whether summary judgment was appropriate.

The rule is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories. The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the

pleading, motion, or other paper was submitted.

Fed.R.Civ.P. 11 advisory committee's note, 1983 Amendment, *reprinted in* 97 F.R.D. 165, 199 (1983). Hurd's counsel presented a creative theory that has not yet been recognized by the courts in defining the duty owed by a union to its members. The fact that it failed to persuade the district court does not demonstrate that Hurd's counsel lacked the requisite good faith in attempting to advance the law.

Rule 11 also provides for sanctions if counsel acts with an improper purpose. The record does not indicate that Hurd's counsel filed the opposition paper for an improper motive. As noted in the appellee's brief, counsel for Hurd "genuinely and passionately believes that a union must be held to a higher standard of care." Appellee's Brief at page 22.

We conclude that the district court erred as a matter of law in holding that the filing of the opposition papers violated Rule 11. We have determined that Hurd's appeal is meritorious. Accordingly, the Union's request for sanctions on appeal and double costs is denied. The judgment order imposing sanctions is REVERSED.