Doris J. NICHOLS, Santi A. Rigatuso, Lance G. Leon, Gary L. Peterson, Michael Yarbrough, Plaintiffs,

v..

The FIRESTONE TIRE & RUBBER CO., Defendant.

Nos. CV 87-O-816 to CV 87-O-819 and CV 87-O-210.

United States District Court, D. Nebraska.

June 21, 1989.

Kelly S. Breen, Omaha, Neb., for plaintiffs.

Harley M. Kastner, Keith L. Pryatel, Akron, Ohio, Robert L. Lepp, Omaha, Neb., for defendant.

MEMORANDUM OPINION

CAMBRIDGE, District Judge.

This matter is before the Court upon plaintiffs' motion for reconsideration of the Court's order for sanctions (Filing Nos. 39 and 40) and plaintiffs' objections to defendant's report for fees and costs (Filing No. 45). The plaintiffs' request for a hearing on its motion for reconsideration (Filing No. 44) shall be denied. This action was

dismissed by order of the Court on November 23, 1988, (Filing No. 36). The present motions pending before the Court are in relation to the post-judgment motion for attorneys' fees made by defendant (Filing No. 37) and granted by the Court on February 28, 1989.

Turning first to plaintiffs' motion for reconsideration, the Court finds that it should be treated as a motion for relief from an order pursuant to Fed.R.Civ.P. 60(b). *Sanders v. Clemco Industries and Ingersoll–Rand Company,* 862 F.2d 161 (8th Cir.1988) (there is no provision for a "motion to reconsider" under the Federal Rules of Civil Procedure). In support of their motion, plaintiffs argue that Rule 11 sanctions ordered by the Court cannot be imposed because the complaint was originally filed in state court. Plaintiffs also assert that there is "no evidence to support the conclusion that [their] claims are without merit, vexatiously filed, or unsubstantiated upon reasonable inquiry." Because the merits of the claims made have been thoroughly discussed heretofore, the Court shall not readdress this latter argument. *See* Magistrate's Findings and Recommendations, (Filing No. 36), and Memorandum Opinion and Order dated February 28, 1989, (Filing No. 39).[1] However, plaintiffs' first argument does raise an issue which should be addressed.

Whether Fed.R.Civ.P. 11 applies to complaints filed in state court and subsequently removed to federal court is an issue which the Eighth Circuit Court of Appeals has not addressed. Among those circuits which have addressed the issue, there is a recognized difference of opinion. *See Herron v. Jupiter Transp. Co.,* 858 F.2d 332, 336 n. 6 (6th Cir.1988).[2] In *Herron,* the Court held that "the plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings, and where

appropriate, modify them to conform to Rule 11." *Id.* at 336. Because of this duty, the Court held further that the district court could impose sanctions "when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law." *Id.* The Fifth Circuit Court of Appeals has held similarly in *Foval v. First Nat. Bank of Commerce,* 841 F.2d 126, 130 (5th Cir.1988).

The reason behind these decisions is clear. As explained in *Herron,*

> Rule 11 was promulgated to deter the flow of frivolous claims into federal court.... Permitting plaintiffs to litigate a frivolous claim in federal court after removal from state court, when a reasonably diligent inquiry at the time would have disclosed the complaint to be without support either in law or fact, would undercut full force intended by Rule 11. It would afford plaintiffs an avenue for invoking federal jurisdiction by initiating frivolous suits in state court where the plaintiffs knew, or should have known, that the case would be removed to federal court, thereby eviscerating the intent and purpose of the rule.

*Herron,* 858 F.2d at 336.

As mentioned, other circuits have held otherwise. The Second, Fourth, and Ninth Circuits have held that Rule 11 does not apply to complaints filed in state court and subsequently removed to federal court. *Hurd v. Ralph's Grocery Co.,* 824 F.2d 806 (9th Cir.1987); *Stiefvater Real Estate, Inc. v. Hinsdale,* 812 F.2d 805 (2d Cir.1987); *Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253 (4th Cir.1987). However, the opinion of these courts is not as different from the opinion expressed in *Herron* as might appear on the surface of the decisions.

---

1. It should be noted that plaintiffs filed no objections to the magistrate's recommendation that summary judgment be granted, nor did plaintiffs respond to defendant's motion for attorneys fees. While there is some question as to when plaintiffs were apprised of the motion for fees, it is clear that plaintiffs were in possession of a copy of the motion nearly three weeks prior to the Court's order granting the motion. No

explanation for failing to respond during that three-week period or that period following issuance of the magistrate's recommendations has been given to the Court.

2. *Herron, supra,* has been cited with approval on other grounds in *Winkels v. Hormel,* 874 F.2d 567, 570 (8th Cir.1989).

In *Hurd v. Ralph's Grocery Co., supra,* the Court held Rule 11 did not apply to a paper filed in opposition to a motion for summary judgment. 824 F.2d at 808–9. The reasoning behind the ruling was that although the complaint was frivolous and the district court was powerless to impose sanctions for it, the district could impose sanctions for any action taken in federal court in furtherance of the frivolous action.[3]

In *Stiefvater Real Estate, Inc. v. Hinsdale, supra,* the Second Circuit held: "[R]ule 11 deals exclusively with 'the certification flowing from the signature to a pleading, motion, or other paper in a lawsuit', and imposes no continuing duty on the parties or their attorneys." 812 F.2d at 809, *quoting Oliveri v. Thompson,* 803 F.2d 1265 (2d Cir.1986). The Court concluded that Rule 11 did not apply to the complaint which had been filed in state court. *Stiefvater,* 812 F.2d at 809.[4] This decision would seem to be inconsistent to two other Second Circuit decisions, *City of Younkers v. Otis Elevator Co.,* 844 F.2d 42 (2d Cir.1988) and *Lane v. Sotheby Parke Bernet, Inc.,* 758 F.2d 71 (2d Cir.1985). In both of these cases, the Court held that sanctions may be appropriate for actions taken after discovery which made it clear that the cases were frivolous. Although these were not removal cases, the decisions in the *City of Younkers* and *Lane* do imply that once a claim is found to be frivolous, it should be abandoned or else sanctions may be imposed.

Finally, in *Kirby v. Allegheny Beverage Corp., supra,* the Fifth Circuit held: "By its terms, Rule 11 provides for sanctions when a pleading is *signed* 'in violation of this rule.' " 811 F.2d at 257. (emphasis in the original). The Court then noted that sanctions for signing a pleading prior to removal would be improper. *Id., see also* Fed.R.Civ.P. 81(c). After removal, plaintiffs' attorney moved to dismiss the action and the Court determined that filing such a pleading did not warrant the imposition of sanctions. *Id.* Nothing in the decision, however, would preclude the awarding of sanctions for improper pursuit of a frivolous claim in federal court after removal.

Thus, in conclusion, the Court finds that an attorney is under a continuing duty to review and reevaluate a case in which he or she is representing a party. Given a literal interpretation of the rule, the Court cannot say, as was said in *Herron,* that an attorney must modify pleadings to conform to Rule 11. However, where a claim filed in state court is known to be frivolous, Rule 11 sanctions are appropriate *after* the case has been removed to federal court *and* the attorney has signed a pleading in furtherance of that claim.

Therefore, the Court shall modify its previous order. As stated in the Court's memorandum opinion and order, dated February 28, 1989, plaintiffs filed this lawsuit seeking to enforce provisions of a collective bargaining agreement to which they were not parties. At the latest, plaintiffs became aware of this fact in December, 1987, yet the lawsuit was allowed to proceed. Although other actions were taken, the first pleading signed in violation of Rule 11, which the Court can specifically point to, was the notice of mailing interrogatories on April 8, 1988, (CV 87–0–816, Filing No. 10). Thus the Court shall award to defendants all reasonable attorneys' fees and costs incurred after April 8, 1988.

The Court has reviewed the reports of fees and costs submitted by defendants' counsel (CV 87–0–816, Filing Nos. 43 and 46) and plaintiff's objections thereto (CV 87–0–816, Filing No. 45). Keeping in mind that these actions were consolidated and the determinations made herein, the Court finds that plaintiffs and their counsel shall jointly pay to defendants $1,520.00 in attorneys' fees and $1,013.90 in costs. The

---

3. In *Hurd,* the court eventually held that sanctions were improper in the case because there was no evidence that the party or its attorney had acted in a manner other than in good faith. *Hurd,* 824 F.2d at 811.

4. The Court in *Stiefvater* also determined that the plaintiffs' attorney acted with "reasonable belief" that their claims were valid or with merit. 824 F.2d at 809.

Court shall issue the appropriate judgment by separate order on this date.

## JUDGMENT

Pursuant to the Memorandum Opinion issued this date,

IT IS ORDERED:

(1) That plaintiffs' request for a hearing is denied;

(2) Plaintiffs' motion to reconsider, which the Court has treated as a motion for relief pursuant to Fed.R.Civ.P. 60(b) is hereby granted in part and denied in part; and

(3) Defendant shall be reimbursed by plaintiffs and their counsel jointly for attorneys' fees in the amount of $1,520.00 and costs in the amount of $1,013.90.