Michael A. ROBINSON and Elaine B. Robinson, Plaintiffs,

v.

DEAN WITTER REYNOLDS, INC. and Andrew Ougheltree, Defendants.

Civ. A. No. 89–446–K.

United States District Court, D. Massachusetts.

Dec. 22, 1989.

---

16

Steven S. Konowitz, Konowitz & Green-berg, Needham, Mass., for plaintiffs.

Gerald F. Rath, David C. Boch, Bingham, Dana & Gould, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

KEETON, District Judge.

Plaintiffs asserted various state and federal law claims against defendants for fraudulent purchase and sale of stock and for fraudulent management of plaintiffs' account at Dean Witter Reynolds, Inc. In this court's Memorandum and Order of June 16, 1989 (hereinafter the "June 16th Memorandum"), the court allowed Defendants' Motion to Compel Arbitration and stayed the proceedings pending the outcome of arbitration.

In defendants' Memorandum in Support of Motion to Compel Arbitration or in the Alternative to Dismiss Certain Counts of Complaint (Docket No. 8), dated March 20, 1989 and filed April 3, 1989, defendants requested that sanctions be imposed on plaintiffs pursuant to Rule 11 of the Feder-

al Rules of Civil Procedure. The court deferred ruling on that request in the June 16th Memorandum until after the court had an opportunity to confer with counsel.

The court held that conference on October 25, 1989, and the parties have filed, in connection with the Request for Sanctions: (1) Memorandum in Support of Defendants' Request for Sanctions (Docket No. 13) and Affidavit of David C. Boch in Support of Sanctions (Docket No. 12), both dated October 23, 1989 and filed October 24, 1989; and (2) Plaintiffs' Memorandum in Opposition to Defendants' Request for Sanctions (Docket No. 15), filed October 25, 1989. The Request for Sanctions is now ripe for decision.

Rule 11 of the Federal Rules of Civil Procedure provides in part:

> The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court upon motion or upon its own initiative, shall impose upon the person who signed it, a representative party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Defendants assert that plaintiffs' filing of this action, despite their having signed a Customer's Agreement containing an arbitration provision and despite defendants' repeated demands for arbitration, constituted a violation of this rule. In support of that assertion, defendants cite this court's conclusion in the June 16th Memorandum

that "plaintiffs' contentions regarding the validity and enforceability of the arbitration provision as to plaintiffs' claims are unsupported by existing law." June 16th Memorandum at 6.

Plaintiffs respond that Rule 11 is not applicable to this case because plaintiffs did not file the complaint in federal court; defendants removed the case to federal court. Plaintiffs further respond that, in any case, neither they nor their counsel violated Rule 11.

Because Rule 11 applies only to those filings signed by an attorney or litigant, the court examines below each filing in this case to determine whether that filing violated Rule 11. Apart from Assented to Motions for Extension of Time and a Certificate of Service, three papers, signed by plaintiffs or their attorney, have been filed during the pendency of this litigation:

(I)  The Verified Complaint, filed on January 27, 1989 in Middlesex Superior Court of the Commonwealth of Massachusetts and removed to this court on February 28, 1989 (signed copy is included in certified copy of pleadings (Docket No. 4));

(II) Plaintiffs' Memorandum in Opposition to Defendants' Motion to [Compel] Arbitration or in the Alternative to Dismiss Certain Counts of [Plaintiffs'] Complaint, filed in this court on April 12, 1989 (Docket No. 9); and

(III) Plaintiffs' Memorandum in Opposition to Defendants' Request for Sanctions, filed in this court on October 25, 1989 (Docket No. 15).

## I. Verified Complaint

The Verified Complaint, a signed copy of which is included in the Certified Copies of Pleadings (Docket No. 4), was signed only by the plaintiffs and sworn to before Karen K. Greenberg as notary public. The complaint was not signed by plaintiffs' attorney, Steven Konowitz, although Ms. Greenberg, the notary, appears to be a member of plaintiffs' attorney's firm, Konowitz & Greenberg. *See* letterhead of Konowitz & Greenberg, reproduced in Exhibit F to Notice of Removal (Docket No. 1), which lists

"Karen K. Greenberg" directly under Attorney Konowitz's name. Neither party has raised this fact nor suggested what effect Attorney Konowitz's failure to sign the complaint should have upon this Request for Sanctions. Because I conclude that the filing of this complaint in state court should not, in any event, give rise to sanctions, I need not consider this issue.

### A. Massachusetts Law

■ Although defendants' primary argument is that sanctions are appropriate under Federal Rule 11, defendants also argue that sanctions are appropriate under Massachusetts law because this complaint was filed in state court in violation of Massachusetts pleading requirements. First, defendants argue in their memorandum that sanctions are appropriate under Rule 11(a) of the Massachusetts Rules of Civil Procedure, which authorizes disciplinary action for the filing of frivolous complaints. Defendants' Memorandum in Support of Request for Sanctions at 5 n. 1. Second, at the October 25th conference, defendants argued that sanctions would also be appropriate under Mass.Gen.L. ch. 231, § 6F.

An issue not addressed by either party is whether a federal court has the authority to enforce a Massachusetts rule of procedure (Mass.R.Civ.P. 11(a)) or a statute like Mass.Gen.L. ch. 231, § 6F (if it is deemed procedural rather than substantive). *See Byrd v. Blue Ridge Rural Electric Cooperative*, 356 U.S. 525, 537–38, 78 S.Ct. 893, 900–01, 2 L.Ed.2d 953 (1958); *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); Parness, *Groundless Pleadings and Certifying Attorneys in the Federal Courts*, 1985 Utah L.Rev. 325, 330 n. 19. *Cf. Crowell v. Holy Order of Mans*, 39 Fed.R.Serv.2d 1223, 1224 (D.Mass.1984) (Collings, M.) (applying Mass.R.Civ.P. 11 to strike a false complaint in an action originally filed in state court but removed to federal court). Because I conclude that the filing of this complaint in state court should not, in any event, give rise to sanctions under either Massachusetts Rule 11 or Mass.Gen.L. ch. 231, § 6F, I need not consider this issue.

Massachusetts Rule 11(a) is modeled almost verbatim after the pre–1983 version of Federal Rule 11:

> The signature of an attorney to a pleading constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is a good ground to support it; and that it is not interposed for delay.... For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action.

Mass.R.Civ.P. 11(a). *Cf.* Fed.R.Civ.P. 11 (pre–1983 version) (same language except for "to a pleading"). Significantly, this formulation of the rule, which authorizes "disciplinary action" only for "a wilful violation," does not contain the provision requiring counsel to make a "reasonable inquiry," nor does it explicitly provide for a "sanction" or for "a reasonable attorney's fee." *Cf.* Fed.R.Civ.P. 11. Thus, unlike the current Federal Rule, as amended in 1983, which uses an objective standard, the Massachusetts Rule still uses a subjective standard. Although there is little Massachusetts authority on this point, other jurisdictions have interpreted the same language in other states' rules of civil procedure as meaning that an attorney need only show "a subjective good faith belief that the complaint was well supported in both fact and law to avoid the imposition of sanctions." *Herron v. Jupiter Transportation Co.*, 858 F.2d 332, 334 (6th Cir.1988) (interpreting Ohio R.Civ.P. 11, which was also modelled on pre–1983 Fed.R.Civ.P. 11).

Unlike Massachusetts Rule 11, Mass. Gen.L. ch. 231, § 6F does explicitly provide for the award of attorney's fees:

> Upon motion of any party in any civil action ... the court may determine ... that all or substantially all of the claims ... made by any party who was represented by counsel during most or all of the proceeding, were wholly insubstantial, frivolous and not advanced in good faith.... If such a finding is made with respect to a party's claims, the court shall award to each party against whom such claims were asserted an amount representing the reasonable counsel fees

and other costs and expenses incurred in defending against such claims.

This provision, which authorizes an award of "attorney's fees where the opponent's claims are frivolous *and* not advanced in good faith," *Hahn v. Planning Board,* 403 Mass. 332, 336, 529 N.E.2d 1334, 1337 (1988) (emphasis added)—that is, under a subjective standard—differs from attorney's fees statutes in some other states that authorize an award even if a frivolous claim is brought in good faith. *Cf.* N.D. Cent.Code § 28–26–01(2) (cited in Greenberg, *Sanctions: In Search of Standards,* 74 Mass.L.Rev. 155, 166 (1989)). Like Massachusetts Rule 11, then, under Mass. Gen.L. ch. 231, § 6F, frivolous pleadings are not alone enough to give rise to an award of attorney's fees; such an award "also requires a showing that [plaintiff's] claims were not advanced in good faith. Good faith implies an absence of malice, an absence of design to defraud or to seek an unconscionable advantage." *Hahn,* 403 Mass. at 337, 529 N.E.2d at 1338.

Although plaintiffs and their counsel have filed *no affidavits with regard to their subjective beliefs,* plaintiffs' memoranda assert that they believed that the complaint was not wholly insubstantial and frivolous and that, consequently, they advanced it in good faith. Defendants have not questioned this assertion, nor have they offered evidence to show absence of a subjective good faith belief. Faced with a total lack of evidence and authority, the court cannot sustain defendants' bare assertion that the filing of this complaint in state court warrants the imposition of sanctions under Massachusetts law.

### B. Federal Law

■ Alternatively, defendants contend that the filing of the complaint should give rise to sanctions under Federal Rule 11 even though the complaint was originally filed in state court. Defendants base this theory, which raises an issue of first impression in this circuit, on the Sixth Circuit's decision in *Herron:*

When a complaint is filed in state court which is subsequently removed to federal court, Fed.R.Civ.P. 11 applies at the instant the federal jurisdiction is invoked over the proceedings.... In a removal case, the reasonable inquiry required under Rule 11 is not a one-time obligation. Once removed, the plaintiff is impressed with a continuing responsibility to review and reevaluate his pleadings and where appropriate modify them to conform to Rule 11. Failure to do so permits the district court to impose sanctions against the offending litigant or attorney when a reasonable inquiry would have disclosed that the complaint was either lacking in factual support or unwarranted by existing law.... To hold otherwise would defeat the letter and spirit of amended Rule 11.

858 F.2d at 335–56.

As defendants, to their credit, admit, the overwhelming majority of courts that have considered this question have disagreed with the Sixth Circuit's conclusion. The Fourth Circuit, for example, has held that "Rule 11 sanctions may not be imposed on an attorney for merely signing and filing a state court complaint which is subsequently removed to federal court":

By its terms, Rule 11 provides for sanctions when a pleading is *signed* in "violation of this rule." At the time a state court pleading is signed, the signing attorney is not subject to the Federal Rules of Civil Procedure. Therefore, a pleading signed in a state court proceeding which is later removed to federal court clearly cannot be signed in violation of Rule 11. *See King v. Stuart Motor Co.,* 52 F.Supp. 727, 730 (N.D.Ga.1943). *See also Kendrick v. Zanides,* 609 F.Supp. 1162, 1170 (N.D.Cal.1985). This conclusion is also supported by Federal Rule of Civil Procedure 81(c). Rule 81(c) provides that the federal rules "apply to civil actions removed to the United States district courts from the state courts and govern procedure *after* removal." Fed. R.Civ.P. 81(c) (emphasis added). By obvious implication, the rules, including Rule 11, do not apply to the filing of pleadings or motions prior to removal. *See Columbus, Cuneo, Cabrini Medical*

*Center v. Holiday Inn,* 111 F.R.D. 444 (N.D.Ill.1986).

*Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253, 256–57 (4th Cir.1987). *Accord: Hurd v. Ralph's Grocery Co.,* 824 F.2d 806, 808 (9th Cir.1987); *Stiefvater Real Estate, Inc. v. Hinsdale,* 812 F.2d 805, 809 (2d Cir.1987); *Schmitz v. Campbell–Mithun, Inc.,* 124 F.R.D. 189, 191 (N.D.Ill. 1989); *Columbus, Cuneo, Cabrini Medical Center,* 111 F.R.D. at 447; *Peffley v. Durakool Inc.,* 669 F.Supp. 1453, 1462–63 (N.D.Ind.1987); *Kendrick,* 609 F.Supp. at 1170; *King,* 52 F.Supp. at 730. *See also Foval v. First National Bank of Commerce,* 841 F.2d 126, 130 (5th Cir.1988) (no sanctions for pleadings filed in state court before removal "unless, their deficiency having been promptly brought to the attention of the pleader after removal, he (or she) refuses to modify them to conform to Rule 11"); *Nichols v. Firestone Tire & Rubber,* 127 F.R.D. 526, 528 (D.Neb.1989) (although agreeing with *Herron* that there is continuing duty to review and reevaluate pleadings, court held that sanctions may only be awarded after signed pleading—here, notice of mailing interrogatories—is filed in federal court, and may only be set at amount to reimburse for costs incurred after that filing).

■ I conclude that it is likely that the First Circuit will adopt the majority view rather than the reasoning of the Sixth Circuit. Although Rule 11 does, as the Sixth Circuit holds, apply the moment an action is removed to federal court, it does not provide for retroactive liability based upon a litigant's or counsel's signature on a paper filed in state court.

As this court noted at the October 25th conference, such retroactive liability would be analogous to the abandoned doctrine of trespass ab initio. That doctrine, alluded to in the *Six Carpenters Case,* 8 Co.Rep. 146a, 77 Eng.Rep. 695 (1610),

was a peculiar and anomalous fiction developed by the early common law, by which one who entered properly upon land in the exercise of a privilege conferred by authority of law, and subsequently abused the privilege by conduct which was itself a trespass to person, land, or chattels, became liable not only for the later misconduct, but also for the original lawful entry. The abuse of the privilege was related back to forfeit it entirely, and the actor became a trespasser 'ab initio,' or from the beginning.

*Restatement (Second) of Torts* § 214(2) comment e (1965). Trespass ab initio has been rejected by the American Law Institute and by modern courts, *id.,* §§ 136, 214(2), 278(2), and should not be resuscitated here with "related back" liability for Rule 11 sanctions. *See also Columbus, Cuneo, Cabrini Medical Center,* 111 F.R.D. at 447 (retroactive liability "would be analogous to applying an ex post facto law").

Moreover, contrary to the court's conclusion in *Herron,* neither the spirit nor the letter of Rule 11 is violated by the conclusion that there is no Rule 11 violation for pre-removal conduct. Although there can be no Rule 11 liability for sanctions based on pre-removal pleadings filed in state court, once additional submissions are filed in federal court (such as Plaintiffs' Memorandum in Opposition to Motion to Compel Arbitration in this case), then the plaintiffs and their attorney are subject to Rule 11 with respect to those later filings. *Hurd,* 824 F.2d at 809; *Nichols,* 127 F.R.D. at 528.

Accordingly, defendants' Request for Sanctions with respect to costs incurred because of the filing of the Verified Complaint is denied.

## II. Memorandum in Opposition to Motion to Compel Arbitration

■ After the case was removed to this court, defendants filed a Motion to Compel Arbitration on March 20, 1989 (Docket No. 6). Thereafter, plaintiffs filed, and Attorney Konowitz signed, a memorandum in opposition to defendants' motion (Docket No. 9, filed April 12, 1989). Because this memorandum was filed in federal court, it was subject to the requirements of Federal Rule 11.

In this memorandum in opposition, plaintiffs argued that "defendants' conduct tainted by laches, fraud and unconscionabil-

ity bars its claim for arbitration." *Id.* at 3 (capitalization omitted). As the court held in the June 16th Memorandum, these contentions were wholly unsupported by existing law. Plaintiffs also argued in this memorandum that sanctions are inappropriate because "[p]laintiffs feel in good conscience that the arbitration provision is inapplicable," *id.* at 11, and have since argued that they "believed in good faith that they had a cause of action," and that "[t]he fact that the court determined [that] Plaintiffs' claims are unsupported by existing law is, respectively, part and parcel of the proper process." Plaintiffs' Memorandum in Opposition to Request for Sanctions at 6, 4. These assertions are irrelevant because, under Rule 11, the court "must apply an 'objective test' of 'reasonable inquiry,' not considering what counsel may have *actually* believed." *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 604–05 (1st Cir. 1988).

Under this objective test, and for the reasons stated in the June 16th Memorandum, it is clear that, despite plaintiffs' claim that they "made a reasonable inquiry and disagreed with the Defendants," Plaintiffs' Memorandum in Opposition to Sanctions at 4, the opposition to defendants' motion to compel arbitration was not warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law. It is also clear that Attorney Konowitz would have discovered this deficiency had he made a "reasonable inquiry." Indeed, Attorney Konowitz did not need to inquire far, for defendants, in their February 14, 1989 letter demanding arbitration, cited case law directly contrary to plaintiffs' assertion that the arbitration clause was unenforceable because of duress. Defendants' Memorandum in Support of Request for Sanctions, Ex. A, p. 2. Also, Defendant's Memorandum in Support of Motion to Compel Arbitration, which was filed before plaintiffs filed their memorandum in opposition to this motion, correctly set forth and discussed the relevant law with regard to plaintiffs' contentions.

Accordingly, the court finds that the Memorandum in Opposition to Motion to Compel Arbitration was signed and filed in clear violation of Rule 11. *Gonick v. Drexel Burnham Lambert, Inc.*, 711 F.Supp. 981, 987 (N.D.Cal.1988) ("this court finds the opposition [to Motion to Compel Arbitration] was filed without a reasonable basis in law and contrary to case law. Furthermore, because defendants offered to arbitrate the controversies and avoid bringing the motion, they are entitled to recover costs and attorneys' fees").

Plaintiffs assert that the request for sanctions should be denied because of "unfair forum shopping tactics." Plaintiffs' Memorandum in Opposition to Request for Sanctions at 1. This assertion is completely unsupportable. Defendants had an entitlement to remove the action to federal court.

■ Plaintiffs also contend that, because they acted without improper purpose, sanctions are inappropriate in this case. Plaintiffs' Memorandum in Opposition to Request for Sanctions at 2–3. Rule 11, however, does not require a showing of improper purpose to justify an award of sanctions. Rather, the rule provides three alternative grounds, any one of which is sufficient to justify an award of sanctions: (1) if the filing is not "well grounded in fact"; (2) if the filing is not "warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law"; *or* (3) if the filing is "interposed for any improper purpose." Fed.R.Civ.P. 11. Because I find that plaintiffs' Memorandum in Opposition to Motion to Compel Arbitration was not "warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law," and because I find that Attorney Konowitz would have discovered this deficiency had he made a "reasonable inquiry," I need not consider whether the memorandum was interposed for an improper purpose.

Also, I note (although plaintiffs do not make any argument on this point) that the facts of this case do not show any special circumstances that might suggest that an award of sanctions would be inappropriate.

Rule 11 requires a "reasonable inquiry." As noted in *Muthig*, 838 F.2d at 604–05, this is an objective standard. The possibility exists, nevertheless, that a subjective element may be recognized by distinguishing among pro se litigants, sole practitioners, and large firms. That is, it may be held that what is reasonable for a pro se litigant, or, perhaps, for a sole practitioner, may be quite different from what is reasonable for a large law firm. *See* Fed.R.Civ.P. 11 Advisory Committee Notes ("The standard is one of reasonableness under the circumstances"); Note, *Plausible Pleadings: Developing Standards for Rule 11 Sanctions*, 100 Harv.L.Rev. 630, 642–43 (1987) ("If the lawyer has only limited time, resources, or access to information prior to filing, it is reasonable for her to conduct less extensive inquiry than she would in the absence of those restrictions"). Consider also the implications of the following comment in *Muthig:*

> We also note the absence here of any special factor militating against a stringent application or Rule 11. The Muthigs' counsel is not an understaffed sole practitioner seeking to aid a client who has been hurt by the defendant but who is uncertain about the exact legal vehicle for redress.... Rather, counsel is associated with a major law firm with all the attendant resources....

838 F.2d at 605.

I need not determine this issue in the present case, however. Even though Attorney Konowitz is associated with a small firm, *see* the letterhead of Konowitz & Greenberg, reproduced in Ex. F to Notice of Removal, he did not need the resources of a major law firm to determine that plaintiffs' claims had to be submitted to arbitration. On February 14, 1989, before the case was removed to federal court, defendants' counsel wrote to Attorney Konowitz and informed him that, under settled law, plaintiffs were compelled to submit their claims to arbitration. Defendants' Memorandum in Support of Request for Sanctions, Exhibit A, p. 2. In that letter, as noted above, defendants explicitly cited four cases, and cited many more in their Memorandum in Support of Motion to Compel Arbitration, all of which supported their assertion that the arbitration clause was enforceable and that plaintiffs were barred from seeking relief in the judicial system. Also, in the February 1989 letter, defendants forewarned plaintiffs that, should they continue to refuse to submit their claims to arbitration, "Dean Witter will move to compel arbitration and seek costs and attorneys fees for the frivolous opposition." *Id.* In light of this warning and the clear citations of controlling precedent, Attorney Konowitz cannot defeat an award of sanctions on the basis of any special circumstances, or contend that what he did was reasonable in his circumstances.

Finally, because of the total lack of merit in plaintiffs' substantive contentions with respect to the enforceability of the arbitration clause, the court rejects plaintiffs' assertion that awarding sanctions in this case "would result in a chilling effect upon any Plaintiff who believed in good faith to have been wronged." Plaintiffs' Memorandum in Opposition to Motion to Compel Arbitration at 11. Contrary to plaintiffs' suggestion, the papers filed in this case were not "novel, creative and broad-based pleadings" worthy of some protection. Plaintiffs' Memorandum in Opposition to Request for Sanctions at 5.

For the foregoing reasons and for the reasons stated in the June 16th Memorandum, the court allows defendants' Request for Sanctions. As discussed more fully below, the court sets the amount of the sanctions at a sum equal to only the reasonable attorneys' fees and costs that defendants have incurred by reason of plaintiffs' violation of Rule 11, found above.

### III. Memorandum in Opposition to Request for Sanctions

Having first violated Rule 11 by the filing of April 12, 1989, plaintiffs may have again violated Rule 11 on October 25, 1989 by filing their Memorandum in Opposition to Defendants' Request for Sanctions (Docket No. 15). In any event, the attorney fees incurred by defendants in reasonable response to the October 25th filing are appropriately included within the sanction

for the April 12th filing because Rule 11 provides that an appropriate sanction "may include an order to pay . . . the amount of the reasonable expenses *incurred because of* the filing of the pleading, motion, or other paper" that violated the Rule. Fed. R.Civ.P. 11 (emphasis added). Expenses incurred by defendants "because of" plaintiffs' violation of the rule with the April 12th filing, including expenses incurred by defendants in litigating this motion for sanctions, are thus recoverable under Rule 11. *See, Muthig,* 838 F.2d at 607 ("a party who successfully defends a Rule 11 appeal incurs appellate expenses (including attorneys' fees) 'because of' the Rule 11 violation").

## IV. Conclusion

■ Plaintiffs violated Rule 11 with the filing on April 12, 1989. Defendants urge that the amount of the sanction be set at $675, which represents the five hours that Attorney Jacobs–Carnahan, whose billing rate is $135 per hour, spent preparing the Motion to Compel Arbitration. As noted above, however, the Motion to Compel Arbitration was filed on April 3, 1989, *before* plaintiffs violated Rule 11 by filing their opposition to that motion. Consequently, defendants may not recover for expenses incurred in association with the preparation of the Memorandum in Support of Motion to Compel Arbitration.

Rather, defendants may only recover those costs incurred after April 12, 1989, and may only recover those costs to the extent that they are reasonable. Those costs may include some of the time spent preparing for and participating in the conference held on October 25, 1989, as well as some of the costs reasonably incurred in the preparation of defendants' Memorandum in Support of Request for Sanctions.

To reduce wasteful litigation, the court may appropriately fashion a procedure for final determination of the sanction that is aimed at reaching a fair determination at minimum additional cost—a procedure that creates incentives to lawyers for all parties not to present contentions so overstated that they plainly lack merit. Explicitly, the court advises the parties that the award allowed will not include attorney fees for time spent on meritless arguments such as defendants' argument that sanctions were appropriate in this case under Massachusetts law. Any expenses incurred making such arguments are not caused by the Rule 11 violation in this case.

As a means of expediting fair disposition at minimal cost, the court makes a tentative finding that a reasonable attorney fee for services caused by the Rule 11 violation is $250. Each party will be allowed an opportunity to file a submission showing that a lower or higher amount would be appropriate.

Finally, although neither party has addressed this issue, the court must decide how to apportion the payment of the sanction. There is no evidence to suggest that plaintiffs misled their attorney, nor is there evidence to suggest that "they encouraged counsel to [resist arbitration] against counsel's will or advice." Indeed, "there is no reason to think that [plaintiffs], (as nonlawyers) would reasonably understand" why their claims must be settled by arbitration rather than by recourse to this court. *See Muthig,* 838 F.2d at 607. Rather, the evidence supports a determination that Attorney Konowitz, in opposing the motion to compel arbitration, violated his personal "obligation to the court, and to the system of justice, to prevent the litigation itself from inflicting needless injury through the assertion of a groundless claim," and violated his obligation to make a " 'reasonable inquiry' before making the assertion." *Id.* at 607–08. His opposition thus went beyond the bounds of vigorous advocacy. Accordingly, Attorney Konowitz, and not his clients, shall be personally liable for the sanction herein imposed. *Thompson v. Aland,* 639 F.Supp. 724, 732 (N.D.Tex.1986) ("The abuses in this case are legal rather than factual; accordingly, the court holds that the sanctions in this case should be imposed only against plaintiff's attorney").

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendants' Request for Sanctions is ALLOWED.

(2) Because of his violation of Rule 11, Attorney Konowitz is ordered to pay defendants an amount presumptively fixed at $250.

(3) Any party may file a written submission on or before January 15, 1990 showing cause why the amount should be more or less than this presumptive figure. If no such submission is filed, the amount due is the amount stated in this Order as the presumptive figure.