15 F.3d 1085
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Craig P. HOEFLER, Plaintiff-Appellant,
v.
Caesars TAHOE, Iatse Union Local No. 363, et al., Defendant-Appellee.
 No. 92-16306.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1993.*
Decided Jan. 31, 1994.
 
 Before: POOLE, BEEZER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Martin Crowley, counsel to Craig Hoefler, appeals the imposition of a sanction against him for violating Rule 11 of the Federal Rules of Civil Procedure. Appellee argues that we lack jurisdiction to hear this appeal because Crowley's notice of appeal does not comply with Rule 3(c) of the Federal Rules of Appellate Procedure. We conclude jurisdiction exists, and we reverse the Rule 11 sanction.
 
 
 3
 * Crowley's client, Craig Hoefler, sought union representation after he was terminated on January 1, 1990 from his position as a sound technician with Caesars Tahoe resort ("Caesars"). The I.A.T.S.E., Local 363 ("Union"), refused to represent Hoefler on the grounds that his request was untimely and he was terminated for "just cause" under the Collective Bargaining Agreement ("CBA") between the Union and Caesars.
 
 
 4
 In October 1990, Crowley wrote to the Union's counsel demanding that the Union return Hoefler's dues to avoid being sued. Counsel for the Union notified Crowley that any suit against the Union would be untimely due to the expiration of the six-month statute of limitations for filing grievances involving the CBA, established in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983). The Union's counsel also warned that he would seek Rule 11 sanctions if Crowley pursued the litigation.
 
 
 5
 On March 19, 1992, Crowley filed an action on behalf of Hoefler in Nevada state court. The complaint stated that Hoefler had "exercised his rights under the contract agreement between Plaintiff's Union, Defendant IATSE, Local Number 363." Hoefler alleged that the Union had breached its agreement to represent him and had refused to return the dues Hoefler paid.
 
 
 6
 The Union removed the action to federal district court on the ground that Hoefler's complaint in fact stated a claim for breach of duty of fair representation. Such actions are preempted by section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185. Hoefler did not oppose this motion. The Union thereafter moved for summary judgment, arguing the action was barred by the statute of limitations. It also moved for an imposition of sanctions on Crowley for violating Rule 11 by bringing the untimely law suit.
 
 
 7
 The parties consented to submitting the case to a magistrate judge, who granted the Union's motion for summary judgment.[1] The magistrate found that Crowley had violated Rule 11 and imposed an attorneys' fees sanction.
 
 II
 
 8
 The Union argues that this appeal should be dismissed for lack of jurisdiction because Crowley did not file a proper notice of appeal in accordance with Rule 3(c) of the Federal Rules of Appellate Procedure.
 
 
 9
 Rule 3(c) provides in pertinent part that "[t]he notice of appeal shall specify the party or parties taking the appeal." Failure to file a notice of appeal in accordance with Rule 3(c) presents a jurisdictional bar to appeal. Aetna Life Ins. Co. v. Alla Medical Servs., Inc., 855 F.2d 1470, 1473 (9th Cir.1988) (citing Torres v. Oakland Scavenger Co., 487 U.S. 312, 314 (1988)).
 
 
 10
 Effective December 3, 1993, Rule 3(c) was amended to provide that "[a]n appeal will not be dismissed for informality of form or title of the notice of appeal or from failure to name a party whose intent to appeal is otherwise clear from the notice." Fed.R.App.P. 3(c). Once we determine "it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward." Fed.R.App.P. 3(c) Advisory Committee Notes.
 
 
 11
 The Supreme Court in adopting the amended rules stated that the rules shall govern pending cases "insofar as just and practicable." 113 S.Ct. Preface 819 (April 22, 1993). We conclude it is just and practicable to apply the amended Rule 3(c) to this appeal.
 
 
 12
 Crowley's notice of appeal was brought in Hoefler's name "through counsel undersigned," and raised as an issue the propriety of the Rule 11 sanctions imposed by the magistrate. It was objectively clear from Crowley's notice of appeal that he was appealing the Rule 11 sanctions against him. The notice complies with the spirit and intent of Rule 3(c), and we have jurisdiction over this appeal.
 
 III
 
 13
 Crowley argues that the Rule 11 sanction the magistrate imposed against him was improper.
 
 
 14
 After Crowley filed Hoefler's complaint in state court, the Union removed the case to federal district court. Crowley did not oppose this motion. The Union then moved for summary judgment and for sanctions, referring only to the complaint Crowley filed in state court prior to removal of the action.
 
 
 15
 The magistrate concluded Crowley's complaint was frivolous. Because Crowley had been warned prior to filing the complaint that the statute of limitations had expired on the federal cause of action, the magistrate concluded Crowley should be sanctioned for displaying "a grave lack of reasonable prefiling inquiry."
 
 
 16
 We have held that "sanctions cannot be imposed under Rule 11 for filing a paper in state court." Hurd v. Ralph's Grocery Co., 824 F.2d 806, 808 (9th Cir.1987). The " 'violation of Rule 11 is complete when the paper is filed.' " Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990) (quoting Szabo Food Serv., Inc. v. Canteen Corp., 823 F.2d 1073, 1077 (7th Cir.1987)). However wrong we might think it was to file the action, the district court had no power to sanction Crowley's failure to make adequate prefiling inquiry and decisions about a complaint he filed in state court. The sanction order was improper.
 
 IV
 
 17
 The Union requests that we impose sanctions against Crowley for this appeal, pursuant to Rule 38 of the Federal Rules of Appellate Procedure. Rule 38 provides that "[i]f a court of appeals shall determine that an appeal is frivolous, it may award just damages." An appeal is frivolous if the result is obvious and the appellant's arguments are wholly without merit. Western Systems Inc. v. Ulloa, 958 F.2d 864, 873 (9th Cir.1992), cert. denied, 113 S.Ct. 970 (1993).
 
 
 18
 The issues presented in this case involve rather complicated and uncertain labor laws. The outcome of this appeal is not "obvious" and Crowley's appeal is not frivolous. Rule 38 sanctions against Crowley will not be imposed.
 
 V
 
 19
 We reverse the Rule 11 sanction against Crowley and deny the request for Rule 38 sanctions. Each party shall bear its own costs.
 
 REVERSED
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Crowley did not argue the summary judgment issue is his appellate brief and thus abandoned the issue. American Int'l Enters., Inc. v. F.D.I.C., 3 F.2d 1263, 1255 n. 5 (9th Cir.1993)